644 P.2d 1036

**NORTHERN PUEBLOS ENTERPRISES, Plaintiffs,**

**J. H. Burttram, Interested Party-Appellant,**

v.

**Martin L. MONTGOMERY, Defendant.**

**and**

**NORTHERN PUEBLOS ENTERPRISES, Plaintiff,**

**J. H. Burttram, Interested Party-Appellant,**

v.

**PUEBLO ELECTRIC & REFRIGERA-TION, Defendant-Appellee.**

No. 13944.

Supreme Court of New Mexico.

May 7, 1982.

Joseph A. Roberts, Santa Fe, for interested party-appellant.

Herrera, Sena & Vigil, R. Steve Herrera, Santa Fe, for defendant-appellee.

## OPINION

PAYNE, Justice.

This case requires us to decide whether a court may enforce a charging lien filed by an attorney for legal services rendered by awarding an amount smaller than that provided for by the contract with the client.

Appellant Burttram represented Northern Pueblos Enterprises, Inc. (Northern Pueblos) in separate actions against Montgomery, a former employee of Northern Pueblos, and against Pueblo Electric and Refrigeration (Pueblo Electric). In the action against Montgomery, the parties entered into a stipulated judgment for $15,000. Burttram filed an attorney's lien for $19,856.87 for services performed.

At the inception of the second action against Pueblo Electric, Burttram withdrew his representation of Northern Pueblos. Pueblo Electric filed a counterclaim against Northern Pueblos, on which it obtained a default judgment for $4,984.93 plus $1,000 attorney's fees ($5,984.93).

Northern Pueblos is now insolvent and all of its assets are in the control of the Bureau of Indian Affairs.

Montgomery deposited $16,427.01 ($15,000 plus interest) in the registry of the district court and his motion for satisfaction of judgment was granted. Burttram sought disbursement of these funds to satisfy his attorney's lien. Pueblo Electric moved to satisfy its judgment lien from these same funds. Burttram opposed the motion on grounds that his charging lien had priority. Pueblo Electric then sought an evidentiary hearing on the reasonableness of the amount of the attorney's lien. The court considered documentary evidence, including an affidavit by the former general manager of Northern Pueblos to the effect that the amount of Burttram's fees was reasonable under the contract, and the briefs of counsel. Subsequently the court wrote a letter to the parties indicating that Pueblo Electric should be paid out of the funds deposited by Montgomery the $5,984.93 plus costs of $67.36. The court then stated:

> The balance of the funds . . . the Court concludes should be paid to J. H. Burttram . . . on his claim of attorneys fees and attorney's charging lien, and the Court further concludes that as [sic] said J. H. Burttram, is reasonably entitled to an attorney's fee in the sum of $10,000.00 for his attorney's services on behalf of [Northern Pueblos]. . . .

Two days after this letter was written, the court issued an order granting Burttram's motion for enforcement of his lien and ordering the clerk to disburse $10,000

to Burttram simultaneously with the disbursement to Pueblo Electric. Burttram appeals, claiming the court had no authority to reduce the amount of his lien.

▆ Burttram's lien is an attorney's "charging lien," which is defined as an attorney's right

to recover his fees and money expended on behalf of his client from a fund recovered by his efforts, and also the right to have the court interfere to prevent payment by the judgment debtor to the creditor in fraud of his right to the same, and also to prevent or set aside assignments or settlements made in fraud of his right.

*Prichard v. Fulmer*, 22 N.M. 134, 140, 159 P. 39, 41 (1916). Such a lien is not created by statute but has its origin in the common law, and is governed by equitable principles. *Id.* at 139, 159 P. at 40.

The resolution of the issue presented here becomes clear when the historical basis for the "charging lien" is considered.

[T]he lien originated in the desire on the part of the courts to protect attorneys against dishonest clients, who, utilizing the services of the attorney to establish and enable them to enforce their claims against their debtors, sought to evade payment for the services which enabled them to recover their demand. The court, having control of its own process, would not permit the client to have the benefit thereof without paying the attorney, because in equity and good conscience he should compensate the attorney, as by his exertions and skill he had made it possible for the client to invoke the aid of the court and secure the process of such court to enforce his demand. The court, having control of its own process, saw to it that the client did not utilize it so as to defeat the attorney of his fee. Upon proper application by the attorney it would direct its officers to pay to the attorney the money to which he was entitled or would withhold its process until he was compensated.... Thus we see that the courts, by the control which they have over their own process, have ample power to protect the diligent attorney, and this they do, as stated, because the demands of equity and justice require it.

*Id.* at 145, 159 P. at 42–43.

▆ Because a court exercises its equitable powers in enforcing an attorney's charging lien, it may inquire into the reasonableness of the asserted fee for purposes of enforcing the lien. This result is not contrary to our case law.

▆ *In Re Will of Carson*, 87 N.M. 43, 529 P.2d 269 (1974), involved construction of a contingent fee contract. The Court held that since courts may not alter or amend a contract, the terms of the contract must be enforced. The holding in *Citizens Bank v. C & H Const., Etc.*, 93 N.M. 422, 600 P.2d 1212 (Ct.App.) *cert. denied sub nom. Davis v. Citizens Bank*, 93 N.M. 683, 604 P.2d 821 (1979), is to the same effect. In the present case, the court below did not alter Burttram's contract with Northern Pueblos. Northern Pueblos was not seeking to have the contract modified in this proceeding. The court simply gave Burttram equitable relief for a reasonable fee, leaving Burttram free to go against Northern Pueblos for the remaining fees due under the contract.

As set forth above, the trial court concluded that for purposes of setting priorities of liens, Burttram was reasonably entitled to an attorney's fee of $10,000. This conclusion was made in the context of a proceeding to enforce a charging lien, and its applicability is limited to that context. It does not adjudicate the reasonableness of the fee as between Burttram and his client beyond the limits of the charging lien. We find no abuse in this exercise of its equitable powers.

The assertion made that the attorney for Montgomery and Pueblo Electric had a conflict of interest which required dismissal of the latter's writ of garnishment is without merit.

Accordingly, the judgment below is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and RIORDAN, J., concur.