687 P.2d 91

**ALBUQUERQUE NATIONAL BANK, a national banking association, Plaintiff,**

**v.**

**ALBUQUERQUE RANCH ESTATES, INC., KAC, Inc., Defendants,**

**and**

**TRACT C, Defendant-Appellant,**

**v.**

**MATTHEWS, CRIDER, CALVERT AND BINGHAM, P.C., Lien Claimant-Appellee.**

**No. 15298.**

Supreme Court of New Mexico.

Sept. 5, 1984.

Patrick Villella, Sullivan, Villella, Skarsgard & Noya, Albuquerque, N.M., for defendant-appellant.

Joanne Reuter, Susan McKee, Matthews, Crider, Calvert & Bingham, P.C., Albuquerque, N.M., for lien claimant-appellee.

**OPINION**

WALTERS, Justice.

Defendant Tract C appeals from the trial court's order establishing an attorney's charging lien filed by Matthews, Crider, Calvert and Bingham, P.C. (Matthews), and providing for enforcement of the lien against the fund held by the clerk of the district court. We reverse, holding that the trial court erred in its conclusion that Matthews had a valid charging lien.

An attorney's charging lien is defined as follows:

[It is an attorney's right] to recover his fees and money expended on behalf of his client from a fund recovered by his efforts, and also the right to have the court interfere to prevent payment by the judgment debtor to the creditor in fraud of his right to the same, and also

to prevent or set aside assignments or settlements made in fraud of his right. *Northern Pueblos Enterprises v. Montgomery,* 98 N.M. 47, 49, 644 P.2d 1036, 1038 (1982) (quoting *Prichard v. Fulmer,* 22 N.M. 134, 140, 159 P. 39, 41 (1916)). In the case now considered, the trial court ordered KAC, Inc. (Matthews' client), to make payments claimed to be owed to Tract C into an escrow fund. The court order creating the fund provided that those payments were "deemed a valid tender and payments pursuant to the terms of [a] Real Estate Contract" between Tract C and KAC. Tract C at a later date obtained a default judgment against KAC for an amount exceeding the payments made to the escrow fund.

We hold that under the facts of this case the escrow fund, consisting solely of payments made by Matthews' client pursuant to the court order and the payments terms of its real estate contract with Tract C, is not a fund "recovered by" Matthews for the benefit of Matthews' client, KAC; instead, it was a fund representing KAC's contract payments to Tract C should it be determined in this law suit that Tract C's claim for payments was valid. Consequently, there existed in this case no valid recovery fund upon which an attorney's charging lien could be imposed. Matthews is, in effect, asking us to broaden the definition of an "attorney's charging lien" to give the client's attorney the first bite from a fund generated solely from the client's own resources regardless of which party wins the lawsuit. There is no support either in case precedent or public policy, or in the cases relied on by Matthews, for such a proposition, and we will not adopt it.

The order of the trial court is reversed and the case is remanded for further proceedings in accordance with this opinion.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.