MICHAEL A. CRAMER, MAI, SRPA, INC., Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 93–6201.

United States Court of Appeals, Tenth Circuit.

Feb. 6, 1995.

---

**380**

James H. Rice, Midwest City, OK, for plaintiff-appellant.

Christine A. Grant, Tax Div., Dept. of Justice, Washington, DC (Loretta C. Argrett, Asst. Atty. Gen., and Bruce R. Ellisen, Tax Div., Dept. of Justice, Washington, DC, with her on the brief), for defendant-appellee.

Before SEYMOUR, Chief Judge, HOLLOWAY and HENRY, Circuit Judges.

HOLLOWAY, Circuit Judge.

In this tax refund case, plaintiff/appellant Michael A. Cramer, MAI, ARPA, Inc. (an Oklahoma corporation) (Cramer) appeals an order of the District Court for the Western District of Oklahoma denying Cramer's application for litigation costs pursuant to 26 U.S.C. § 7430. For reasons that follow, we reverse the district court's order and remand for further proceedings.

## I

In 1991 Cramer filed suit against the United States seeking a refund of employment taxes, penalties, and interest assessed against Cramer by the IRS. The company paid part of the assessment prior to filing suit. In the suit, Cramer challenged the government's contention that certain real estate appraisers retained by Cramer in the course of its business were "employees" of the company—rather than independent contractors—for employment tax purposes. *See* 26 U.S.C. §§ 3102, 3111, 3301, 3402.

Shortly before Cramer filed suit against the government, a similar tax refund case involving the assessment of employment taxes for retention of real estate appraisers was filed in the Western District of Oklahoma, *REAG, Inc. v. United States*, No. CIV–91–1267–C.[1] The *REAG* case was tried without a jury in August 1992, before the scheduled trial in this case, resulting in a judgment for the plaintiff/taxpayer REAG. The trial judge found that the real estate appraisers there were independent contractors and not employees for tax purposes; alternatively, the court concluded that even if the appraisers could be characterized as employees, REAG had a reasonable basis for not treating them as such and was therefore entitled to relief from the assessed employment taxes pursuant to the safe harbor provision in § 530 of the Revenue Act of 1978, Pub.L. No. 95–600, 92 Stat. 2763, 2885.[2] *REAG, Inc. v. United States*, 801 F.Supp. 494 (W.D.Okla. 1992), *appeal dismissed per stipulation*, No. 92–6347 (10th Cir. Dec. 21, 1992).

The government initially appealed the district court's judgment but subsequently stipulated to the dismissal of its appeal. REAG then filed an application for litigation costs, including attorney fees, pursuant to 26 U.S.C. § 7430, arguing that the government's position in the case was not substantially

---

1. While *REAG* was pending before a different judge in the Western District, counsel for both plaintiff (the taxpayer) and defendant (the government) were the same as in the instant case.

2. *See* 26 U.S.C. § 3401, Historical and Statutory Notes.

justified. That district judge agreed and awarded costs.

In the instant case, a stipulated judgment in favor of Cramer was entered on February 26, 1993, shortly after the verdict in *REAG*. On March 12, 1993, Cramer filed an application for litigation costs under § 7430, arguing that "since the United States conceded this case on the basis of *REAG*, it has also conceded that its position here was also not substantially justified." Brief in Support of Application for Litigation Costs, App. at 31.

On March 29, 1993, the government filed a lengthy objection to Cramer's application, arguing that notwithstanding the outcome in *REAG*, the government's position in the present case was substantially justified. *Id.* at 32–57. Acknowledging that "the United States['] decision to concede this case was due largely to the fact that *REAG* had already been decided in the Western District of Oklahoma" (*id.* at 51), the government nonetheless insisted that differences between this case and *REAG* belied the contention that the award of litigation costs to the taxpayer in *REAG* required a similar award here. *Id.* at 51–52. Specifically, the government argued:

> In *REAG*, the court found that the appraisers were independent contractors because the taxpayer in question did not exercise control over either the manner in which the appraisers prepared appraisals or the final form of the appraisal. *REAG*, 801 F.Supp. at 500. Unlike the situation in *REAG*, where substantially less than one percent of the appraisals were reviewed, *id.* at 498, in the present case Cramer made it his practice to review and sign every appraisal. In addition, *REAG* is further distinguishable because the *REAG* holding was based on [the district judge's] interpretation of the credibility of the testimony of some of the witnesses. *Id.* at 499. The credibility of witnesses must be deter-

mined on an individual basis and is difficult to predict prior to trial.

*Id.* at 51.

Three days after the filing on March 29, 1993, of the government's objection and brief, and before Cramer had an opportunity to reply to the government's submissions, the district court entered an order denying Cramer's application for litigation costs on April 1, 1993.[3] This ruling was made by a different judge who handled the instant case, not the same judge as in *REAG*. The April 1 order in the instant case stated:

> Plaintiff's Application for Litigation Costs is DENIED; the court is not persuaded that the litigation position of the United States was [not][4] substantially justified. The Court declines to award costs on the basis that this case is but an echo of *REAG, Inc. v. United States*, CIV–91–1267 (W.D.Okla.), in which [the district judge] awarded costs. Who knows what similarities or differences there are? [The judge in *REAG*] made many detailed findings that were possible only because *REAG* was litigated. A similar analysis in this case is not possible because of the spare record and the manner of its termination. Movant has the burden of persuasion on the issue, which is not met either by pointing to the agreed judgment in his favor or to *REAG*.

*Id.* at 145.

On appeal, Cramer contends that the district court erred in not allowing it to supplement the record with evidence pertaining to the similarity between this case and *REAG* and in failing to conduct an evidentiary hearing to resolve the parties' dispute in this regard. Cramer argues that "having filed an application and affidavit fulfilling the statutory prerequisites for an award under § 7430, [Cramer] was entitled to an opportunity to respond to the Government's objections before having judgment entered against it on the basis of a 'sparse record' and its failure to meet a burden of persuasion imposed on it prior to its having received what was effec-

---

3. The plaintiff-appellant's brief on appeal represents that counsel did not receive the government's objection and brief until April 1. Brief for Appellant at 6.

4. The word "not" does not actually appear in the court's order. Based on our reading of the order as a whole, however, we are convinced that the term was inadvertently omitted.

tively the opposing party's initial pleading on the issue being decided." Brief for Appellant at 7.

## II

■ We review a district court's denial or award of reasonable litigation costs sought by virtue of 26 U.S.C. § 7430 under an abuse of discretion standard. *Pate v. United States,* 982 F.2d 457, 459 (10th Cir.1993). *Accord Anthony v. United States,* 987 F.2d 670, 674 (10th Cir.1993). "The decision to rely upon affidavits and the record of a case rather than conduct an evidentiary hearing on a fee petition is also reviewed for an abuse of discretion." *Hamner v. Rios,* 769 F.2d 1404, 1406 (9th Cir.1985).

■ "In determining whether the position of the United States was 'substantially justified,' the district court must look at all facts and circumstances as well as the legal precedents relating to the case, bearing in mind the applicant bears the burden of proof." *Pate,* 982 F.2d at 459. Moreover, in order to permit this court to conduct a meaningful review of the fee determination, the district court must provide "a reasoned explanation" for its ruling. *Anthony,* 987 F.2d at 675. As noted in *Creske v. Commissioner,* 896 F.2d 250, 252 (7th Cir.1990) (citations omitted):

> When reviewing a judgment by the [trial] court under the abuse of discretion standard, we focus "on the reasons given by that court for its determination [under § 7430] that the Commissioner's position was not unreasonable." ... In order for this court to conduct its review of the [trial] court's judgment, the record must present an adequate manifestation of the reasoning of the court in denying litigation costs. While our review of the determinations of the [trial] court may be informed by reference to the opinion in the underlying deficiency litigation, ..., this does not obviate the need for a reasoned explanation regarding the issue of litigation costs.

*Accord Berks v. United States,* 825 F.2d 1262, 1263 (8th Cir.1987) (in reviewing a district court's denial of fees and costs under § 7430, the appellate court must "examine both the underlying facts and law upon which

the [district] court based its decision. The district court's bald conclusion, without any explanation of the facts or law upon which its conclusion was based, however, provides us with no findings upon which a meaningful review can be conducted.").

## III

The controlling issue here is whether the district court abused its discretion by not affording Cramer an opportunity to introduce additional responsive evidence pertaining to its application for litigation costs and the objection to it, and in failing to give further consideration to the application under § 7430 and make findings and conclusions to resolve disputed questions. Based on our review of the record, we conclude that the court did abuse its discretion in this regard.

■ The government argues that analogies drawn by Cramer to Fed.R.Civ.P. 12(b)(6) and other civil rules are not valid and that the local rules of the Western District of Oklahoma are on point, specifically Local Rule 6 pertaining to costs and fees and Local Rule 14 on motions, applications and objections. Brief for the Appellee at 21–23. We believe the government position is persuasive as to the pertinent rules and have considered those local rules. The government also says that under the rules it was Cramer's "responsibility to identify the specific position of the Government that [it] alleged was not substantially justified, and to describe the facts upon which that allegation was based," and that Cramer failed to do so by filing only a two-page brief. *Id.* at 23. We do not agree with the latter contention by the government.

■ We are convinced that Cramer complied sufficiently with the local rules. Local Rule 14(A) requires that each motion, application or objection set out the point or points on which it is based and be accompanied "by a concise brief." Obviously, the intent of the rules is to obtain a concise statement of the movant's position by his submission. This Cramer gave. It asserted that it was the prevailing party (noting the government had stipulated to judgment for it on its complaint and to dismissal with prejudice of its counterclaim for recovery of assessed taxes of $14,-

489.91). Cramer requested attorney fees of $9,988.17 incurred for its counsel's services, as set forth in the affidavit attached to its application. The affidavit represented that the government's position was not substantially justified, asserting that the government prosecuted the instant case and *REAG,* and after entry of judgment for the plaintiff in *REAG,* obtained administrative suspension of this case until the government determined it would be conceded and then stipulated to entry of judgment for plaintiff and dismissal of the government's counterclaim which had sought recovery of the $14,489.91 of assessed taxes. Thus the government conceded its position here was not substantially justified, according to the affidavit. App. 19–24.

A detailed exhibit followed showing time spent each day from January 23, 1991 through February 23, 1993 amounting to 98.4 hours for which $9,840 in compensation was requested. *Id.* at 26–29. The brief in support followed, asserting that this case was litigated "in parallel with the almost identical REAG case" in which the court found against the government on each theory asserted; that the judge there granted plaintiff's application for litigation costs in full; and that since the government conceded the instant case on the basis of *REAG,* it has also conceded that its position here was not substantially justified. *Id.* at 30–31. A concise statement of Cramer's position was thus made in compliance with the local rules.

The government's objection to Cramer's application and its supporting and supplemental briefs raised factual challenges to the claimed similarity of the instant case and *REAG. Id.* at 32–139, 140–44. Cramer filed a brief in opposition to the government's objection to its application on April 5, 1993, but the district judge had already entered his order denying Cramer's application on April 1, three days after the government's objection, brief and extensive exhibits were filed. While Local Rule 14(A) provides that reply briefs are not encouraged and may be filed only on application and with leave of court, we feel that the circumstances of this case required an opportunity for a response and further consideration rather than the mere

denial of Cramer's application because of a "sparse record" and the lack of more facts.

■ As several courts have observed, an evidentiary hearing is generally preferred, if not required, when factual disputes exist in connection with a request for attorney fees and costs and those disputes cannot be resolved without a hearing. *E.g., Copeland v. Marshall,* 594 F.2d 244, 259, 259 n. 95 (D.C.Cir.1979) (citing cases); *Lindy Bros. Builders, Inc. of Philadelphia v. American R. & S. Sanitary Corp.,* 487 F.2d 161, 169 (3d Cir.1973) (on motion for attorney fees, "[t]he[ ] opposing interests should be afforded a hearing to provide an evidentiary basis for resolution of disputed factual matters and to allow the parties to supplement possibly incomplete statements of opposing parties."); *King v. McCord,* 621 F.2d 205, 206 (5th Cir.1980) (abuse of discretion for district court not to hold evidentiary hearing to resolve disputed issues of fact); *Marable v. Walker,* 704 F.2d 1219, 1222 (11th Cir.1983) (same); *Ross v. Saltmarsh,* 500 F.Supp. 935, 948 n. 16 (S.D.N.Y.1980) (noting that in the context of request for attorney fees, "an evidentiary hearing, even if not required, is strongly encouraged, particularly where there is evidence of factual disputes", citing cases); *Imprisoned Citizens Union v. Shapp,* 473 F.Supp. 1017, 1021 (E.D.Pa.1979) (on motion for attorney fees, "[a]n evidentiary hearing is required when material facts are disputed"); *see also Hardmand v. Board of Educ. of Dollarway, Ark.,* 714 F.2d 823, 825 (8th Cir.1983).

In some instances, of course, a district judge's familiarity with the facts in dispute may obviate the need for a hearing with respect to fees that may be proper. *E.g., McKittrick v. Gardner,* 378 F.2d 872, 874 (4th Cir.1967) ("The judge who has decided a case, need hold no evidentiary hearing to determine the extent and quality of the assistance he received from the lawyers in reaching his conclusion and in preparing an opinion."). On the merits of the question whether the government's position was substantially justified and in good faith, an evidentiary hearing was held unnecessary where "[t]he trial court gave the parties ample opportunity to brief and to argue the [fees and costs]

issue, including an opportunity to submit pertinent affidavits, and rendered its decision based upon careful consideration of all arguments before the court." *United States v. 2,116 Boxes of Boned Beef, Weighing Approximately 154,121 Pounds,* 726 F.2d 1481, 1489 (10th Cir.) (affirming denial, without evidentiary hearing, of prevailing party's request for fees and costs pursuant to § 2412(d)(1)(A) of the Equal Access to Justice Act), *cert. denied sub nom. Jarboe–Lackey Feedlots, Inc. v. United States,* 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984).[5]

Here, the district court obviously had some familiarity with the case at hand, but as the judge's order acknowledges, he was nonetheless unable to make the necessary findings of fact without the development of the evidence: "Who knows what similarities or differences there are [between this case and *REAG*]? [The judge in *REAG*] made many detailed findings that were possible only because *REAG* was litigated. A similar analysis in this case is not possible because of the spare record and the manner of its termination." Brief for Appellant, App. at 145.

In relying on the sparsity of the record for his ruling, and in not affording an opportunity for the record to be developed for further consideration, the district court abused its discretion. Under the circumstances of this case, the court should have afforded Cramer an opportunity to develop the record. He should have allowed Cramer to respond to the government's objection, brief and supporting exhibits of over 100 pages before entering his order. Without such additional evidence, the judge was not in a position to resolve the parties' dispute and determine fairly the merits of Cramer's application.

In a strikingly similar case, *Baker v. Commissioner,* 787 F.2d 637 (D.C.Cir.1986), the District of Columbia Circuit vacated the lower court's denial of an application for litigation costs pursuant to § 7430. The application had been filed shortly after the Commissioner of Internal Revenue acknowledged that the government's position in the underlying litigation was wrong. *Id.* at 638. In support of his claim that the government's position was not only wrong but also was "unreasonable" within the meaning of § 7430(c)(2)(A)(i), the taxpayer pointed out that the government had conceded the very same tax issue to several identically situated taxpayers (Baker's co-workers) before the litigation with Baker commenced. *Id.* Without a hearing, the Tax Court denied Baker's cost application. Vacating the Tax Court's denial of Baker's application and remanding for an evidentiary hearing, the court of appeals in an opinion by Judge, now Justice, Ginsburg, observed:

If the IRS officers handling Baker's case indeed acted "in a normal and orderly fashion," 83 T.C. at 830, no cost award would be in order. On the other hand, if they were unreasonably intransigent, an award would be warranted. We are not equipped, from the materials before us, to say which description better fits the case at hand. Nor was the Tax Court positioned to make that judgment. The record, in its current state, does not permit an informed determination as to the quality of the IRS officials' conduct—whether it was "normal and orderly" or intransigent and arbitrary—in relation to the concession eventually made by the Commissioner that there was no deficiency. Whether Baker experienced disadvantageous treatment in

---

**5.** *Accord Harris Mkt. Research v. Marshall Mktg. and Communications, Inc.,* 948 F.2d 1518, 1528 (10th Cir.1991) (affirming grant, without evidentiary hearing, of prevailing party's request for attorneys' fees pursuant to contract where "[n]o hearing was necessary to aid the trial court's determination"; "[i]n lieu of a hearing, the court requested an affidavit and an itemization of reasonable attorneys' fees and expenses"); *Copeland v. Marshall,* 641 F.2d 880, 905 (D.C.Cir.1980) (failure to hold evidentiary hearing not abuse of discretion where "the District Court ruled on the fee question after witnessing the conduct of the entire case, and with the benefit of substantial

briefs from both sides"); *Konczak v. Tyrrell,* 603 F.2d 13, 19 (7th Cir.1979) ("Considering the depth of the briefing, a hearing on the attorney's fees was unnecessary."), *cert. denied,* 444 U.S. 1016, 100 S.Ct. 668, 62 L.Ed.2d 646 (1980); *Williams v. Alioto,* 625 F.2d 845, 849 (9th Cir. 1980) ("The affidavits before the court were sufficiently detailed to enable the court to consider all the factors necessary in setting the fees."), *cert. denied,* 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981); *American Constitutional Party v. Munro,* 650 F.2d 184, 186 (9th Cir.1981) (same).

comparison to identically situated taxpayers and, if so, why, are fact questions the Tax Court left unexplored. We therefore vacate the judgment of the Tax Court, and remand the case for the factual hearing and attendant discovery [footnote omitted] necessary to a just adjudication whether the manner in which the IRS processed Baker's petition was unreasonable.

*Id.* at 638.

Here, as in *Baker,* the record is inadequate to permit any informed determination as to the reasonableness of the IRS's conduct in the underlying litigation. The district court therefore should not have ruled on Cramer's application for litigation costs, leaving critical fact questions unexplored, without permitting Cramer to introduce additional relevant evidence, and without giving further consideration to the disputed matters at hand.[6] Here the ruling was not justified by merely observing that the record at that point was sparse and the movant had not met his burden of persuasion. We feel the application, supporting affidavit, exhibits and brief were sufficient to assert an initial claim for relief under § 7430 in compliance with the local rules. The applicant should not have been denied relief immediately when no opportunity had been given to answer the government's extensive submission.

Accordingly, we **REVERSE** the district court's denial of Cramer's application for litigation costs pursuant to § 7430 and **REMAND** the case for further proceedings consistent with this opinion. We express no view on the merits of the plaintiff-appellant's application under § 7430.

---

**6.** The government contends that no evidentiary hearing was required in this case because Cramer never identified a bona fide factual dispute and never requested a hearing. Brief of Appellee at 11, 20. In support, the government cites *Ward v. Commissioner,* 62 T.C.M. (CCH) 695, 1991 WL 173034 (1991). *Ward* is distinguishable, however-

er, because that case was governed by the Tax Court Rules of Practice which, unlike § 7430 and the local rules in effect here, specifically require a party seeking litigation costs to set forth "the reasons why the motion cannot be disposed of by the Court without a hearing." 1991 WL 173034, at *1, 1991 Tax Ct.Memo. LEXIS 493 at *2

---

(citing Tax Court Rules of Practice, Rule 231(b)(9)).