**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALBUQUERQUE TECHNICAL
VOCATIONAL INSTITUTE,

      Plaintiff-Counter-
      Defendant,

v.

GENERAL METERS
CORPORATION,

      Defendant-Counter-
      Claimant - Appellant.

--------------------------------------

HATCH, ALLEN & SHEPARD, P.A.,

      Movant-Appellee.

No. 00-2023
(New Mexico)
(D.C. No. CIV-97-710-RLP/WWD)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **MURPHY**, Circuit Judges, and **VAN BEBBER,** District
Judge.[**]

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable G. Thomas Van Bebber, Chief Judge, United States
District Judge for the District of Kansas, sitting by designation.

## I. INTRODUCTION

Appellee, the law firm of Hatch, Allen & Shepherd, P.A. ("HAS"), filed an attorney lien against a judgment recovered by Appellant General Meters Corporation ("General Meters") against Albuquerque Technical Vocational Institute ("TVI") in the United States District Court for the District of New Mexico. The matter was handled by a magistrate judge, who instructed the court clerk to release $30,000 of General Meters' judgment held in the court registry to HAS in satisfaction of the attorney lien. General Meters has appealed that decision.

The district court's jurisdiction over the lawsuit between General Meters and TVI was based on diversity of citizenship under 28 U.S.C. § 1332. Jurisdiction to consider HAS's attorney lien was proper under 28 U.S.C. § 1367. *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 445-48 (2d Cir. 1998). Jurisdiction to consider General Meters' appeal arises under 28 U.S.C. § 1291. Because it was an abuse of discretion to not allow General Meters to submit evidence contesting the reasonableness of the fees claimed by HAS under the attorney lien, the decision below is **reversed** in part and the case is **remanded** for further proceedings not inconsistent with this opinion.

## II. FACTS AND PROCEDURAL HISTORY

In April 1997, TVI filed suit against General Meters in New Mexico state court. The suit was prompted by a dispute over a computerized system for managing and operating various campus operations that General Meters was to install for TVI. General Meters engaged HAS to represent it in the litigation against TVI. Under the fee agreement, General Meters was to pay HAS on a monthly basis for the actual hours worked plus costs. After HAS was hired by General Meters, the case was removed to the United States District Court for the District of New Mexico.

The case was referred to a magistrate judge for pretrial matters. On June 9, 1997, the magistrate judge entered an initial scheduling order which required the parties to submit a provisional discovery plan by July 2, 1997. In addition, a scheduling conference was set for July 30, 1997.

After the scheduling conference, an order was entered establishing January 26, 1998, as the termination date for discovery. On January 16, 1998, General Meters and TVI submitted a joint motion for an extension of pretrial deadlines. The motion states that the parties had been working to "resolve the case cooperatively or at least narrow the technical issues to be litigated if necessary" and had made all technical experts available to both parties in an effort to create a "fruitful" "dialogue." The motion further states that the parties wished to

devote their time and resources to this cooperative effort rather than formal discovery. On January 26, 1998, the magistrate judge entered an order extending the termination date for discovery to April 27, 1998.

On May 7, 1998, General Meters again moved for an extension of the discovery deadline. This motion, however, was opposed by TVI. The magistrate judge denied the motion. General Meters now claims that the failure of HAS to obtain an extension of discovery was part of an overall failure by HAS to conduct meaningful and helpful discovery on behalf of General Meters. HAS claims it was misled by TVI to believe that they would agree to an extension of discovery.

The dispute between HAS and General Meters over HAS's failure to gain an extension of the discovery deadline is but one of many points of contention between General Meters and HAS over HAS's representation of General Meters. Another such point of contention is a motion by General Meters, prepared by HAS, which the court granted to exclude all expert testimony. HAS claims that the decision to file the motion to exclude all expert testimony was a tactical decision made by HAS, concurred in by General Meters, which effectively prevented TVI from proving its complaint. General Meters, however, argues that if HAS had complied with the expert witness report disclosure requirement of Rule 26(a)(2) of the Federal Rules of Civil Procedure, General Meters would have been able to call expert witnesses while TVI would not.

Because of its dissatisfaction with HAS, General Meters stopped paying legal fees to HAS in April 1998. On August 14, 1998, HAS, on behalf of General Meters, filed a motion for leave to amend the answer to assert a counterclaim against TVI. The case had been set for trial before United States District Judge Bruce D. Black on September 8, 1998. On September 8, 1998, however, the parties stipulated to having all further proceedings conducted by the magistrate judge who handled pretrial matters. *See* 28 U.S.C. 636(c). On September 11, 1998, the magistrate judge entered an order granting General Meters' motion to amend its answer to assert a counterclaim. On September 18, 1998, HAS, on behalf of General Meters, filed a counterclaim against TVI.

During this time the attorney-client relationship between HAS and General Meters continued to deteriorate. On September 28, 1998, HAS filed a motion to withdraw as attorney for General Meters. On October 16, 1998, the magistrate judge granted the motion and recognized new counsel for General Meters, Peter J. Adang.

The record indicates that, after HAS withdrew as attorney for General Meters, several meetings occurred between Stanley Hatch, a partner in HAS, and Adang to discuss the litigation against TVI. In addition, HAS delivered to Adang several boxes containing HAS's work product relating to the case. The parties

dispute how useful these efforts were to Adang as he took over General Meters' litigation against TVI.

On March 9, 1999, HAS filed a lien for attorney fees in the amount of $30,000 on any judgment rendered in favor of General Meters in its litigation against TVI. The bench trial was finally conducted, and the magistrate judge ruled in favor of General Meters on all issues and awarded $62,809.02 plus costs on its counterclaim. After entry of judgment in favor of General Meters, Hatch contacted Adang about the attorney fees HAS claimed remained unpaid. Adang convinced Hatch to avoid pursuing the attorney fees until the magistrate judge ruled on a motion filed by Adang on behalf of General Meters requesting attorney fees from TVI.

In the summer of 1999, all the interested parties agreed to an order by which TVI could satisfy its judgment by depositing $30,000 in the court registry, pending a resolution of HAS's attorney lien, and paying the remainder of the judgment to General Meters. In July 1999, TVI satisfied the judgment in accordance with the stipulated order.

On September 30, 1999, the magistrate judge entered an order denying General Meters' motion for attorney fees from TVI. On October 26, 1999, HAS filed a motion requesting the court to release the $30,000 held within the court

registry pursuant to the lien filed for attorney fees. The motion was not supported by any evidence or a brief.

General Meters filed an objection to HAS's motion and submitted a brief in support of its objection. In the brief, General Meters made three arguments. First, General Meters noted that HAS had failed to file any supporting evidence with its motion and had thus violated Local Rule 7 of the New Mexico District Court. *See* D.N.M. R. 7.5(a). Next, General Meters argued that HAS was not entitled to the lien under New Mexico law because HAS had failed to show that the fund from which it wished to recover was created by its efforts. Finally, General Meters argued that HAS had not satisfied its burden to demonstrate that the claimed attorney fees were reasonable.

HAS then filed a reply brief. In an attempt to provide evidence for its lien claim, HAS submitted affidavits, billing records from the time General Meters stopped paying HAS, a copy of the fee agreement, and written correspondence involving Hatch, General Meters, and Adang. Adang, on behalf of General Meters, then filed a motion to strike the reply brief of HAS or, in the alternative, to permit filing of a surreply. In addition, Adang submitted an affidavit in which he contested HAS's assertion that HAS's efforts had directly contributed to the recovery by General Meters on the counterclaim against TVI. Adang did not, however, submit a proposed surreply with the request to submit a surreply, and

stated at oral argument in this court that a surreply was not submitted because the president of General Meters was out of town and Adang needed to contact him to obtain the evidence that would be referenced in the surreply.

The magistrate judge then entered a memorandum opinion and order granting HAS's motion to release the funds held in the court registry. The magistrate judge first noted that under New Mexico law HAS was required to prove that the judgment on the counterclaim "was due in part or in whole to the efforts of HAS." *Albuquerque Tech. Vocational Inst. v. Gen. Meters Corp.*, Civ. No. 97-0710RLP/WWD, at 2 (D.N.M. Dec. 14, 1999). The magistrate judge determined that HAS had made this showing. The magistrate judge noted that HAS had successfully amended the answer to assert a counterclaim. The magistrate judge further observed that General Meters had not demonstrated how it was prejudiced by any possible discovery mishap by HAS and accepted HAS's account that the decision to exclude expert witnesses was a tactical decision concurred in by General Meters. The magistrate judge then concluded that $30,000 was a reasonable fee and ordered the funds released to HAS. The magistrate judge indicated in the memorandum opinion that he had considered General Meters' request to file a surreply and the affidavit submitted by Adang, but that his conclusion was not effected by either. General Meters subsequently filed a notice of appeal.

## III. DISCUSSION

Under New Mexico law, an attorney's lien is an equitable remedy originating from the common law. *See N. Pueblos Enters. v. Montgomery*, 644 P.2d 1036, 1038 (N.M. 1982). The attorney's lien protects the attorney's right "to recover his fees and money expended on behalf of his client from a fund recovered by his efforts, and also the right to have the court interfere to prevent payment by the judgment debtor to the creditor in fraud of his right to the same." *Id.* (quoting *Prichard v. Fulmer*, 159 P. 39, 41 (N.M. 1916)).

Under both New Mexico and Tenth Circuit law, a decision by a trial court to award attorney fees under a lien is reviewed for an abuse of discretion. *See Keyes v. Sch. Dist. No. 1, Denver, Colo.*, 895 F.2d 659, 665 (10th Cir. 1990) (stating that equitable remedies are reviewed for an abuse of discretion); *Philipbar v. Philipbar*, 980 P.2d 1075, 1078 (N.M. Ct. App. 1999) ("Administration and enforcement of charging liens is subject to the sound discretion of the trial court."); *cf. Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426 (1996) (stating that standard of review for federal appellate court in diversity case might be determined by reference to state law if state law governing appellate review can be characterized as "substantive"). The abuse of discretion standard is defined similarly by both this court and New Mexico. Under the abuse of discretion standard, "a trial court's decision will not be

disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *McEwen v. City of Norman, Okla.*, 926 F.2d 1539, 1553-54 (10th Cir. 1991) (quoting *United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986)). "An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical." *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987). Similarly, a trial court abuses its discretion under New Mexico law when its ruling "is against the logic and effect of the facts and circumstances of the case." *Sisneroz v. Polanco*, 975 P.2d 392, 400 (N.M. Ct. App. 1999).

Under New Mexico law, four requirements must be met for an attorney to recover fees under a lien. First, there must be a valid contract between the attorney and the client. *See Sowder v. Sowder*, 977 P.2d 1034, 1037 (N.M. Ct. App. 1999). Second, the fund to which the lien attaches must have been recovered by the efforts of the attorney. *See id*. Third, the attorney must give notice to all parties involved in the litigation of the intent to assert a lien against any judgment. *See id.* Finally, the assertion of the lien by the attorney must be timely. *See id.* at 1038. In addition, a court may inquire into the reasonableness of the requested fee for purposes of enforcing the lien. *See N. Pueblos Enters.*, 644 P.2d at 1038.

General Meters complains about the procedures followed below, focusing on the lack of an evidentiary hearing and the magistrate judge's refusal to allow General Meters to submit a surreply with evidence rebutting HAS's evidence submitted with its reply brief. [1] General Meters also claims the magistrate judge abused his discretion in determining that the activities of HAS contributed to the fund recovered on the counterclaim and that the attorney fees requested by HAS were reasonable.

This court has previously noted that "an evidentiary hearing is generally preferred, if not required, when factual disputes exist in connection with a request for attorney fees and costs and those disputes cannot be resolved without a hearing." *Michael A. Cramer, MAI, SRPA, Inc. v. United States*, 47 F.3d 379, 383 (10th Cir. 1995). The court has also stated, however, that "[o]rdinarily, a district court does not abuse its discretion in deciding not to hold an evidentiary hearing when no such request is ever made." *Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998). General Meters has admitted that at no point

---

[1] General Meters makes a further argument in its briefs, but the argument is waived. General Meters claims that under New Mexico law there is a predicate requirement for an attorney's lien that the contract between the attorney and the client must expressly or impliedly contemplate an attorney's charging lien. General Meters did not raise this argument in its brief in response to HAS's motion to release the funds in the court registry nor in its motion to permit filing of a surreply; thus, this court will not consider the argument on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

did it request an evidentiary hearing. Thus, the failure of the magistrate judge to hold an evidentiary hearing does not necessarily constitute an abuse of discretion. *See id*; *see also Cramer*, 47 F.3d at 383-84 (noting that an evidentiary hearing may not be necessary in dispute over attorney fees because of the judge's familiarity with the facts in dispute).

The failure to allow a party to develop the record and to respond to the opposition's evidence can be an abuse of discretion. *See Cramer*, 47 F.3d at 384. In *Cramer*, a corporation successfully obtained a judgment against the United States for a refund of employment taxes, penalties, and interest assessed against it by the IRS. *See id.* at 380-81. The corporation then filed an application for its litigation costs, including attorney fees, under 26 U.S.C. § 7430. *See id.* at 381. The government filed a lengthy objection, which included a brief and supporting exhibits, to the request for litigation costs. *See id.* at 381, 384. Before the taxpayer corporation could respond to the government's brief and evidence, the district court entered an order denying the request for litigation costs. *See id.* at 381. On appeal, this court stated:

> In relying on the sparsity of the record for his ruling, and in not affording an opportunity for the record to be developed for further consideration, the district court abused its discretion. Under the circumstances of this case, the court should have afforded [taxpayer] an opportunity to develop the record. He should have allowed [taxpayer] to respond to the government's objection, brief and supporting exhibits of over 100 pages before entering his order. Without such additional evidence, the judge was not in a position to

-12-

resolve the parties' dispute and determine fairly the merits of Cramer's application.

*Id.* at 384.

General Meters argues on appeal that, if given the opportunity, it would have submitted evidence refuting the notion that HAS's work contributed to the counterclaim fund. There was, however, sufficient, indisputable evidence in the record that obviated the need for more evidence on this point. Indeed, General Meters essentially conceded this to the magistrate judge and to this court at oral argument. In the affidavit of Adang, General Meters' successor lawyer, Adang testifies that "[s]ome of HAS' work may have contributed _indirectly_ " to the counterclaim fund. In addition, Adang admitted at oral argument that HAS's efforts contributed to the counterclaim, even though the counterclaim was filed only one month before HAS withdrew: "I have to recognize that partially [the work of HAS in] the defense of the claim by TVI would also apply to the counterclaim. . . . Some of that work had to apply [to the counterclaim], there is no question about it." In addition, it cannot be disputed that HAS filed the motion for leave to assert a counterclaim and the actual counterclaim.

Thus, it is either conceded or indisputable that HAS worked on the defense of TVI's claim for over a year, that at least some of the work in the defense of the claim applied later to the counterclaim, and that HAS filed the counterclaim.

-13-

Under New Mexico law, this is enough to satisfy the requirement that the fund recovered be the result of the attorney's effort.

In *Robison v. Campbell*, the New Mexico Court of Appeals held that the requirement that the fund be recovered by the efforts of the attorney was satisfied when the attorney "contributed" to the ultimate judgment received. *See* 661 P.2d 479, 484 (N.M. Ct. App. 1983) [hereinafter "*Robison II*"]. In *Robison*, the defendant had obtained a judgment against the plaintiff on a counterclaim. *See Robison v. Katz*, 610 P.2d 201, 205 (N.M. Ct. App. 1980) [hereinafter "*Robison I*"]. The defendant's lawyers, the Sutin law firm, asserted an attorney lien on the counterclaim proceeds. *See id.* The defendant then appealed the decision of the trial court, mainly contesting the manner in which the trial court awarded damages. *See id.* Although the Sutin law firm was one of the defendant's attorneys of record on appeal, the New Mexico Court of Appeals accepted without deciding the defendant's assertion that the Sutin law firm was "of little, if any, assistance in [that] appeal." *Robison II*, 661 P.2d at 484. The New Mexico Court of Appeals reversed the award of damages and remanded to the district court for a new award of damages. *See Robison I*, 610 P.2d at 211. The Sutin law firm did not represent the defendant in the remand to the district court. *See Robison II*, 661 P.2d at 484. On remand, the district court entered a new award for damages. *See id*. at 482. In addition, the district court awarded an

attorney's lien for the Sutin law firm on the new judgment. *See id.* The defendant once again appealed to the New Mexico Court of Appeals, arguing, *inter alia* , that the judgment entered after remand was not recovered through the efforts of the Sutin law firm. *See id.* The New Mexico Court of Appeals rejected this argument, noting the work of the Sutin law firm during the first trial and stating that "[t]he contention that the Sutin firm did not contribute to the judgment entered after trial upon remand is frivolous." *Id*. at 484. Thus, under New Mexico law, a lawyer is not prevented from asserting a lien against a judgment obtained by a former client, even though the lawyer was not involved throughout the litigation and other attorneys' efforts contributed to the recovery.

General Meters argues that when considering whether the efforts of HAS contributed to the counterclaim, only the work performed by HAS and not paid for by General Meters should be considered. There are no New Mexico cases supporting General Meters' argument. To the contrary, the New Mexico cases articulating this requirement simply state that the fund must have been "recovered by" the attorney. *See Sowder* , 977 P.2d at 1037; *Albuquerque Nat'l Bank v. Albuquerque Ranch Estates, Inc.* , 687 P.2d 91, 91 (N.M. 1984). Thus, this court interprets New Mexico law to allow a court to examine all of the attorney's work, whether paid for or not, to determine whether the attorney contributed to the fund.

General Meters also attempts to distinguish HAS's work in the defense of the TVI claims from the efforts required to recover on the counterclaim. However, the complaint filed by TVI and the General Meters' counterclaim, drafted and filed by HAS, both involved the contract between General Meters and TVI. A judgment for TVI on its complaint would have either precluded a recovery by General Meters on the counterclaim or at least reduced the amount of that recovery. In addition, as previously mentioned, General Meters admitted at oral argument that there was at least some overlap between the defense of TVI's claim and General Meters' counterclaim. Thus, even if the bulk of HAS's work was in defense of TVI's claims, the work contributed, at least indirectly, to the counterclaim recovery.

The evidence before the magistrate judge in this case clearly established that the efforts of HAS contributed to the counterclaim judgment. HAS worked on the defense of TVI's claim for over a year and at least some of that work applied later to the counterclaim. Thus, it was not an abuse of discretion for the magistrate judge to resolve this point without a hearing or the benefit of additional evidence submitted by General Meters.

HAS, however, is not automatically entitled to payment for all of the unpaid hours it has billed General Meters. New Mexico law allows a party to challenge the reasonableness of the fees claimed under an attorney lien.      *See N.*

*Pueblos Enters.*, 644 P.2d at 1038; *Robison I*, 610 P.2d at 209. General Meters argues that, if given the opportunity, it would have submitted evidence contesting the reasonableness of the attorney fees claimed by HAS.

The magistrate judge examined the billing records submitted by HAS and determined that "the time expended and the rates assessed were both reasonable and necessary." This decision was reached, however, without the benefit of allowing General Meters to submit evidence to the contrary. It was an abuse of discretion to deny General Meters an opportunity to at least submit additional evidence addressing the reasonableness of the fees. *See Cramer*, 47 F.3d at 384; *cf. Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983) (stating that this court has established specific factors for computing attorney fees under the Civil Rights Attorney's Fees Award Act in part to "ensure that district courts articulate specific reasons for fee awards to give us an adequate basis for review"), *overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council For Clean Air*, 483 U.S. 711, 725 (1987)

This case must be remanded to allow General Meters to submit evidence contesting the reasonableness of the fees claimed by HAS. It is appropriate to note that "an evidentiary hearing is generally preferred, if not required, when factual disputes exist in connection with a request for attorney fees and costs and those disputes cannot be resolved without a hearing." *Cramer*, 47 F.3d at 383;

*see also Robison I* , 610 P.2d at 209 (remanding issue of reasonableness of attorney fees requested under a lien to district court for a hearing because there was insufficient evidence in record on appeal to determine the issue). This court also notes that HAS has already demonstrated that its efforts contributed to the counterclaim and that this issue need not be reexamined on remand. Thus, reasonable and necessary time expended by HAS during the litigation and not yet recovered can be recovered under the lien.

## IV. CONCLUSION

For the reasons stated above, this court **AFFIRMS** in part, **REVERSES** in part, and **REMANDS** for further proceedings not inconsistent with this opinion.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge