TYMKOVICH, Circuit Judge,
concurring.
I agree with the majority that the plaintiff is a “prevailing party” under the line of United States Supreme Court cases analyzing fee-shifting statutes for civil rights and environmental cases. See, e.g., Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); City of Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 600, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The plaintiff therefore has crossed the threshold for eligibility to fees. But mere eligibility is not enough. The next step is entitlement to reasonable fees. I write separately to add a few thoughts on reasonableness. A related question to the amount of fees requested here is whether the defendants may be said to be a “substantially prevailing party” in any respect.
As a preliminary matter, the Supreme Court has been less than clear in identifying the origins of the standards employed in assessing attorney’s fees. At first blush, the environmental and civil rights laws have different policy objectives such that Congress may have had a different view of how and when attorney’s fees should be assessed in such cases. But the Supreme Court has, thus far, instructed the federal courts to treat the fee-shifting statutes identically. Dague, 505 U.S. at 561-62, 112 S.Ct. 2638; Pennsylvania v. Delaware Valley Citizens’ Council for *724 Clean Air, 478 U.S. 546, 559-60, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). We thus must look at prevailing party status in that light, and move to what “award is appropriate” under 42 U.S.C. § 6972(e).
The Supreme Court has instructed that the “most critical factor” in assessing reasonableness is the “degree of success obtained.” Farrar, 506 U.S. at 114, 113 S.Ct. 566 (quoting Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The majority correctly shows that success requires some material alteration in the relationship between the plaintiff and the defendant. Here, such a material alteration in relationship is achieved through an enforceable judicial decree arising from the complaint.
Mere “success,” however, is not enough. The Supreme Court has instructed that in “some circumstances, even a plaintiff who formally ‘prevails’ under § 1988 should receive no attorney’s fees at all.” Farrar, 506 U.S. at 115, 113 S.Ct. 566. As Justice O’Connor explained in her concurrence, although a technical victory might allow a plaintiff some claim to fees, a court may “announce a sensible decision to award low fees or no fees at all.” Id. at 118, 113 S.Ct. 566 (O’Connor, J., concurring). That explanation naturally follows from the Court’s observation in Hensley that “where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.” Hensley, 461 U.S. at 440, 103 S.Ct. 1933. See also M. Schwartz & J. Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees § 6.6 (1997).
Consequently, a district court retains considerable discretion to determine the amount of success a plaintiff achieved and craft an award of attorney’s fees commensurate with that success. Accordingly, in my view, the district court must look to the degree of success in light of the judicially sanctioned alteration in the relationship between the parties. Here, that may mean some or no attorney’s fees at all. Our cases, of course, require the court to explain its reasoning on the record for purposes of appellate review. See, e.g., Michael A. Cramer v. United States, 47 F.3d 379, 382 (10th Cir.1995).
As a final matter, the statute’s text seems to envision that a defendant may be entitled to prevailing party status in some circumstances. The Supreme Court in construing § 1988, however, has established a high bar based on frivolousness or meritlessness. See, e.g., Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). In enacting RCRA, however, Congress potentially added a class of eligible parties by inserting the phrase “substantially prevailing party.” It is far from clear what Congress had in mind with respect to this phrase, and the parties to this appeal have yet to suggest an interpretation of this language that alters the application of Supreme Court case law.
In any event, here it appears that the plaintiff achieved an “alteration of legal status” between the parties so as to be eligible for fees under Supreme Court precedent. Thus, while the defendants “prevailed” on several Clean Water Act claims by virtue of achieving a defense verdict, the applicable precedent appears to foreclose an award unless the claims asserted were, as the majority observes, either unrelated to the RCRA claim, or “frivolous, unreasonable or groundless.” Although the statute’s text suggests a broader reading of “prevailing party,” the Supreme Court has not been presented with a case that would expand eligibility for fees under a different standard.