GEORGE S. MAUERMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Mauerman v. Commissioner
Docket No. 3007-90
United States Tax Court
T.C. Memo 1995-237; 1995 Tax Ct. Memo LEXIS 239; 69 T.C.M. (CCH) 2765; June 1, 1995, Filed *239 An appropriate order will be issued granting petitioner's motion for litigation costs, and decision incorporating the order will be entered for petitioner. Petitioner seeks an award of litigation costs. 1. Held: Respondent's position in this civil litigation was not substantially justified; petitioner is entitled to litigation costs. Sec. 7430(c)(4)(A)(i), I.R.C. 1986. 2. Held, further, the cost of living adjustment under sec. 7430(c)(1)(B)(iii), I.R.C. 1986, is to be computed from Oct. 1, 1981. For petitioner: William E. Farrior. For respondent: Donald E. Edwards. CHABOT
CHABOT
SUPPLEMENTAL MEMORANDUM OPINION CHABOT, Judge: This matter is before us on petitioner's motion for litigation costs, under section 7430[1] and Rule 231. [2]
*240 Petitioner and respondent had settled the income tax deficiencies for 1984, 1985, and 1986 before the notice of deficiency was issued; during the proceedings in the instant case, respondent conceded the addition to tax under section 6661(a) for 1985. The parties litigated the question of the additions to tax under section 6661(a) for 1984 and 1986. We held that petitioner was liable for the litigated additions to tax. Mauerman v. Commissioner, T.C. Memo. 1993-23, hereinafter sometimes referred to as Mauerman I. Petitioner appealed, and the Court of Appeals for the Tenth Circuit reversed our decision and remanded for further proceedings. Mauerman v. Commissioner, 22 F.3d 1001 (10th Cir. 1994). Thereafter, we ordered that the parties file any motions as to any action to be taken before, or in connection with, the entry of decision for petitioner. The instant motion for litigation costs was timely filed. The parties were ordered to file stipulations of fact, stipulated exhibits, and memoranda of law dealing with petitioner's motion for litigation costs. In petitioner's motion papers he states that he "does not request *241 a hearing on the Motion and believes the Motion can be disposed of by the Court without a hearing." Respondent did not ask for a hearing. Rules 231(b)(9), 232(c) (final flush). See Michael A. Cramer, MAI, SRPA, Inc. v. United States, 47 F.3d 379, 385 n.6 (10th Cir. 1995). We conclude that this motion may properly be resolved without an evidentiary hearing. The issues for decision are as follows: (1) Whether petitioner has established that respondent's position was not substantially justified, within the meaning of section 7430(c)(4)(A)(i)). (2) If so, then what is the amount of petitioner's reasonable litigation costs, within the meaning of section 7430(c)(1).
To the extent necessary for the disposition of this motion, the findings of fact in Mauerman I, which were fully adopted by the Court of Appeals for the Tenth Circuit in Mauerman v. Commissioner, 22 F.3d at 1001, are incorporated herein by this reference. I. Substantial Justification
The Congress has provided for the awarding of litigation costs under certain circumstances. Under section 7430(a), [3] *243 in order to be entitled to an award of litigation *242 costs, the taxpayer must -- (1) establish that the position of the United States in the proceeding was not substantially justified (sec. 7430(c)(4)(A)(i)); [4]
(2) have exhausted the administrative remedies available to that taxpayer in the Internal Revenue Service (sec. 7430(b)(1)); (3) establish that the taxpayer did not unreasonably protract the court proceedings (sec. 7430(b)(4)); (4) substantially prevail in the litigation (sec. 7430(c)(4)(A)(ii)); and (5) meet the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (sec. 7430(c)(4)(A)(iii); Rule 231(b)(5)).
These requirements are conjunctive; petitioner must overcome each of these hurdles in order to succeed as to litigation costs. See Minahan v. Commissioner, 88 T.C. 492, 497 (1987). Respondent agrees that petitioner has met the second through fifth of these requirements; respondent contends that petitioner has not established that the position of the United *244 States [5] in the proceeding was not substantially justified. Petitioner contends that the determination by the Court of Appeals, that respondent's failure to waive the addition to tax was an abuse of respondent's discretion, necessarily leads to a conclusion that respondent's position was unreasonable. Respondent counters that adoption of petitioner's analysis amounts to an automatic imposition of litigation costs whenever respondent loses an abuse-of-administrative-discretion argument. *245 We agree with petitioner's conclusion. The litigating position of respondent is substantially justified [6] if it has a reasonable basis in both law and fact or is sufficient to satisfy a reasonable person. E.g., Anthony v. United States, 987 F.2d 670, 674 (10th Cir. 1993). The statute imposes on petitioner the burden of establishing the unreasonableness of respondent's position. Sec. 7430(c)(4)(A)(i); Rule 232(e); Minahan v. Commissioner, 88 T.C. at 498. *246 In the instant case, the Court of Appeals for the Tenth Circuit has held that respondent's failure to waive the section 6661(a) additions to tax was an abuse of discretion. Mauerman v. Commissioner, 22 F.3d at 1006. Section 6661(c) provides that the Secretary may waive all or part of the addition to tax under section 6661 if the taxpayer shows both that (1) there was reasonable cause for the understatement (or part thereof), and (2) the taxpayer acted in good faith. If the taxpayer has satisfied both of these predicates of the statute and respondent nevertheless refuses to waive the addition to tax, then respondent's refusal is reviewable on an abuse-of-discretion basis. See Mauerman v. Commissioner, 22 F.3d at 1004; Estate of Owen v. Commissioner, 104 T.C. 498,     (1995) (slip op. at 20); Estate of Jung v. Commissioner, 101 T.C. 412, 449 (1993). To conclude that respondent abused discretion is to conclude that respondent exercised discretion arbitrarily, capriciously, or without sound basis in fact. See Estate of Jung v. Commissioner, 101 T.C. at 452; *247 Mailman v. Commissioner, 91 T.C. 1079, 1082-1084 (1988). In Mauerman I, we stated that, in order to prevail on the addition to tax issue, "petitioner must show that the reasonable cause and good faith are so clear that respondent's refusal to waive is an abuse of discretion." In reversing our decision, the Court of Appeals agreed with petitioner that he had reasonable cause and good faith and that the Commissioner should have waived the addition to tax. The question before us, then, is whether respondent was substantially justified in defending, in the instant litigation, an administrative determination that was held by the Court of Appeals to be an abuse of discretion; i.e., arbitrary, capricious, or without sound basis in fact. While there may be other situations where such a holding would not necessarily determine that respondent was not substantially justified, our review of the record in the instant case persuades us that petitioner has carried his burden in that respect. Accordingly, on the basis of the record in the instant case, we conclude that respondent's position was not substantially justified. We hold for petitioner on this issue. *248 II. Reasonable Costs
Section 7430(c)(1)(B)(iii)[7] limits the hourly rate for attorney's fees to $ 75, with allowances for increases in the cost of living or other special factors. The parties agree as to litigation costs totaling $ 14,300.72. They agree, implicitly or explicitly, that (1) fees for 84.1 hours of attorney's services are allowable in addition *249 to the $ 14,300.72 (if an award under section 7430 is to be made), (2) any award for the fee for those 84.1 hours is limited by the statutory hourly rate cap, (3) this hourly rate cap is to be increased from $ 75 because of a cost-of-living adjustment (hereinafter sometimes referred to as a COLA) but not because of a special factor, (4) the $ 75-per-hour rate is to be increased to $ 119 per hour (for a total of $ 10,008) if 1981 is the appropriate COLA base year and increased to $ 101 per hour (for a total of $ 8,494) if 1986 is the appropriate COLA base year, and (5) the full COLA-adjusted hourly rate cap amount for the 84.1 hours is a reasonable fee that petitioner paid or incurred for services of attorneys in connection with the court proceedings in the instant case, within the meaning of section 7430(c)(1)(B)(iii). Respondent argues that the COLA should be computed from January 1, 1986, the effective date of the statutory provision establishing the $ 75-per-hour cap. Respondent relies on opinions of the Courts of Appeals for the Second, Fifth, and Ninth Circuits. Huffman v. Commissioner, 978 F.2d 1139 (9th Cir. 1992), affg. in part and revg. in *250 part T.C. Memo. 1991-144; Heasley v. Commissioner, 967 F.2d 116 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189; Cassuto v. Commissioner, 936 F.2d 736 (2d Cir. 1991), affg. in part and revg. in part 93 T.C. 256 (1989). Petitioner relies on our Court-reviewed opinion in Bayer v. Commissioner, 98 T.C. 19 (1992), and contends that the COLA should be computed from October 1, 1981, the effective date of a similar provision in the Equal Access to Justice Act, 28 U.S.C. sec. 2412(d)(2)(A) (hereinafter sometimes referred to as EAJA), authorizing the award of attorney's fees. We agree with petitioner. Before we proceed to analyze the considerations involved in this legal dispute, it may be helpful to view the practical context. As we noted in Mauerman I, petitioner's underpayments of tax for 1984 and 1986 total $ 86,241 ($ 44,638 plus $ 41,603), and the section 6661 additions to tax that were the subject of the litigation total $ 21,561 ($ 11,160 plus $ 10,401). *251 The effect of the parties' stipulations in the instant proceeding, together with our determination that an award of litigation costs will be made (supra issue I) is that the legal issue before us on the COLA adjustment will control whether the award will be in the amount of $ 24,308.72 ($ 14,300.72 plus $ 10,008) or $ 22,794.72 ($ 14,300.72 plus $ 8,494). Thus, it is apparent that the reasonable costs of this litigation for just one of the parties are greater than the total additions to tax that were litigated in Mauerman I. We now proceed to the remaining matter in dispute -- a legal issue that has already resulted in extensive litigation in other cases at both the trial court level and the appellate court level, and that controls the remaining $ 1,514 in dispute in the instant case. We have held that the $ 75 rate may be adjusted for increases in the cost of living, to be computed from October 1, 1981. In Bayer v. Commissioner, supra, we reexamined this position, and we reconfirmed our prior holdings on the issue. Nothing has been presented in the instant case which causes us to change this position.[8] We think the circumstances under *252 which section 7430(c)(1)(B)(iii) was enacted support this view. Section 7430 has its roots in the EAJA. The EAJA was enacted in 1980 and became effective for taxable years beginning in 1981. Pub. L. 96-481, tit. II, 94 Stat. 2325-2330, 28 U.S.C. sec. 2412 (1988), 5 U.S.C. sec. 504 (1982). The EAJA provided for the mandatory award of attorney's fees to prevailing parties in administrative and civil actions, including tax controversies, brought by or against the United States. It was not, however, applicable *253 to Tax Court proceedings. The legislative history for section 292 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 572, which enacted section 7430, indicates that section 7430 was enacted in order to extend the availability of awards of litigation costs under the EAJA in tax controversies to actions brought in the Tax Court. The EAJA expired under its own provisions in 1985, and was effectively reenacted that year. In 1986, section 1551(c) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, conformed section 7430 more closely to the EAJA by enacting the $ 75-per-hour limitation on attorney's fees, unless the Court determines that a higher rate is justified. When drafting section 7430(c)(1)(B)(iii), the Congress not only adopted the $ 75 figure from the existing EAJA, but it also adopted the existing COLA language contained in the EAJA. Section 7430 does not state what is the base period for the application of COLAs. Because it is clear that the Congress modeled section 7430 on the then-existing provisions of the EAJA, it is clear that the Congress was aware of and considered the EAJA in revising section 7430. Respondent's *254 position would require us to conclude that the Congress intended to defray less of the attorney fee expenses of taxpayers under section 7430, than the expenses of similarly aggrieved claimants under the EAJA. The parties' stipulation shows that this differential ($ 119 per hour versus $ 101 per hour) amounts to about 15 percent. We have not found anything in the statute or the legislative history to evidence such a congressional intent. For the reasons set forth in our Court-reviewed opinion in Bayer v. Commissioner, 98 T.C. 19 (1992), we conclude that the COLA is to be computed from October 1, 1981. We hold for petitioner on this issue. To reflect the foregoing, An appropriate order will be issued granting petitioner's motion for litigation costs, and decision incorporating the order will be entered for petitioner.
Footnotes
*. This case has been remanded by Mauerman v. Commissioner, 22 F.3d 1001 (10th Cir. 1994), revg. and remanding T.C. Memo. 1993-23.↩
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986, as in effect for civil actions commenced at the time the petition in the instant case was filed.↩
2. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. SEC. 7430. AWARDING OF COSTS AND CERTAIN FEES. (a) In General. -- In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title [the Internal Revenue Code of 1986], the prevailing party may be awarded a judgment or a settlement for -- (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding.↩
4. Sec. 7430(c)(4)(A) provides, in pertinent part, as follows: SEC. 7430. AWARDING OF COSTS AND CERTAIN FEES. * * * (c) Definitions. -- For purposes of this section -- * * * (4) Prevailing Party. -- (A) In general. -- The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved) -- (i) which establishes that the position of the United States in the proceeding was not substantially justified, (ii) which -- (I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and * * *↩
5. The instant case was commenced by the filing of the petition on Feb. 14, 1990. Sec. 7502. The instant proceeding does not involve administrative costs. The position of the United States, for purposes of petitioner's motion for litigation costs, is the position taken by respondent in the instant case on or after the date the petition was filed. Sec. 7430(c)(7)(A); Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part and revg. on another issue T.C. Memo. 1991-144; United States v. Balanced Financial Management, 769 F.2d 1440,1450↩ (10th Cir. 1985).
6. The Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551(d)(1), 100 Stat. 2085, 2752, amended sec. 7430; where the prior statute required the taxpayer to establish that the position of the United States in the proceeding was "unreasonable", the amended statute requires the taxpayer to establish that the position of the United States was "not substantially justified". The substantially justified standard is essentially a continuation of the prior law's reasonableness standard. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988); see United States v. Balanced Financial Management, 769 F.2d at 1451 n.12; Sokol v. Commissioner, 92 T.C. 760, 763↩ n.7 (1989), and cases cited therein.
7. SEC. 7430. AWARDING OF COSTS AND CERTAIN FEES. * * * (c) Definitions. -- For purposes of this section -- (1) Reasonable litigation costs. -- The term "reasonable litigation costs" includes -- * * * (B) based upon prevailing market rates for the kind or quality of services furnished -- * * * (iii) reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $ 75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate.↩
8. We observe that the Court of Appeals for the Tenth Circuit, to which the instant case is appealable, has not yet decided the precise question before us. For the reasons described in Bayer v. Commissioner, 98 T.C. 19, 22-23↩ (1992), we have given consideration to the reasoning of the Courts of Appeals that have dealt with this question, but have determined that we must respectfully disagree with their conclusions.