**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS R. HUTCHINSON; DENNIS P. BULLARD; ROBERT J. BULLARD; BARBARA L. LAWRENZ; RUTH ANN LIBBY; KATHRYN M. ROBINSON; JOHN M. SPANTON,

Plaintiffs-Appellants,

v.

RICHARD BRADY PFEIL; MARY JOAN PFEIL; LEWIS N. CARTER; DOERNER, STUART, SAUNDERS, DANIEL & ANDERSON, L.L.P.; SCOTT E. HERSHMAN; BARRETT W. FREEDLANDER,

Defendants-Appellees.

No. 06-5053
(D.C. No. 02-C-408-E)
(N.D. Okla.)

---

THOMAS R. HUTCHINSON; DENNIS P. BULLARD; DENNIS J. BULLARD; BARBARA L. LAWRENZ; RUTH ANN LIBBY; KATHRYN M. ROBINSON; JOHN M. SPANTON; JOAN GODLOVE,

Plaintiffs-Appellants,

v.

RICHARD BRADY PFEIL; MARY JOAN PFEIL; LEWIS N. CARTER; DOERNER, STUART, SAUNDERS, DANIEL & ANDERSON; DOERNER STUART, SAUNDERS, DANIEL,

No. 06-5055
(D.C. No. 02-CV-425-E)
(N.D. Okla.)

ANDERSON, BIOLCHINI; DOERNER SAUNDERS, DANIEL & ANDERSON; DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.; GEORGE M. HOFFMAN; NEAL GERBER & EISENBERG; JOHN DAVID HOOVER; BARRY BOXER; IRA SPANIERMAN; SPANIERMAN GALLERY; HARRY D. SHAPIRO; RAYMOND J. HOROWITZ; SCOTT E. HERSHMAN; PHILLIPE M. SALOMON; HIRSCHL & ADLER GALLERIES, INC.,

Defendants-Appellees.

---

THOMAS R. HUTCHINSON,

Plaintiff-Appellant,

v.

RICHARD BRADY PFEIL; MARY JOAN PFEIL; LEWIS N. CARTER; DOERNER, STUART, SAUNDERS, DANIEL & ANDERSON, an Oklahoma partnership; DOERNER, STUART, SAUNDERS, DANIEL, ANDERSON AND BIOLCHINI, an Oklahoma partnership; DOERNER, SAUNDERS, DANIEL & ANDERSON, an Oklahoma partnership; DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.; NEAL GERBER & EISENBERG, an Illinois partnership; GEORGE M. HOFFMAN, individually and as a member of the Neal Gerber &

No. 06-5121
(D.C. No. 02-CV-721-K)
(N.D. Okla.)

Eisenberg firm,

Defendants-Appellees.

---

THOMAS R. HUTCHINSON; DENNIS P. BULLARD; BARBARA L. LAWRENZ; RUTH ANN LIBBY; KATHRYN M. ROBINSON; JOHN M. SPANTON; ROBERT J. BULLARD; JOAN GODLOVE,

Plaintiffs-Appellants,

v.

BONNIE J. HAHN,

Defendant,

and

BAMBERGER, FOREMAN, OSWALD AND HAHN; BAMBERGER, FOREMAN, OSWALD AND HAHN, L.L.P.; DAVID P. KASPER; LOCKE REYNOLDS BOYD & WEISELL; LOCKE REYNOLDS LLP,

Defendants-Appellees.

No. 06-5122
(D.C. No. 04-CV-341-E)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Judge, **KELLY** and **O'BRIEN**, Circuit Judges.

This case involves four appeals that we consolidate for procedural purposes only. The parties are familiar with the facts and extensive procedural history and we need not restate that material here. Suffice it to say that what we have before us is the latest chapter in a legal battle that began many years ago concerning the ownership of paintings by American Impressionist artist Theodore Robinson. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm each of the four challenged decisions.

In appeal number 06-5053, plaintiffs challenge the district court's order dated March 3, 2003, granting defendants' motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1] Specifically, plaintiffs assert that the court

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Plaintiffs' docketing statement for appeal number 06-5053 suggests that they are also challenging the district court's sealed order dated January 24, 2006, denying their motion to vacate the judgment entered March 20, 2003. But

(continued...)

relied on materials outside of their amended complaint and engaged in impermissible fact-finding, thereby erroneously rejecting, among other claims, their claim that the judgment in *Hutchinson v. Pfeil*, 94-C-1134-E (N.D. Okla. Mar. 9, 1998), *aff'd*, No. 98-5248, 2000 WL 345688 (10th Cir. Apr. 4, 2000) (unpublished), was procured by fraud on the court. Plaintiffs also assert that we should certify to the Oklahoma Supreme Court questions of state law related to their attorney-deceit and collusion claim.

In appeal number 06-5055, plaintiffs challenge the district court's order dated March 3, 2003, granting defendants' motions to dismiss for failure to state a claim under Rule 12(b)(6).[2] Again, plaintiffs assert that the court relied on materials outside of their amended complaint and engaged in impermissible fact-finding. As a result, argue plaintiffs, the court erroneously rejected, among other claims, their claim that a magistrate judge's sanctions order entered against Thomas R. Hutchinson and his counsel, Joan Godlove, in *Hutchinson v. Pfeil*, 92-C-1088-E (N.D. Okla. Dec. 22, 1993), and subsequent affirmances of that sanctions order, 92-C-1088-E (N.D. Okla. Feb. 18, 1998), *aff'd*, No. 98-5043,

---

[1](...continued)
plaintiffs abandoned this issue by failing to brief it on appeal. *Reazin v. Blue Cross & Blue Shield of Kan., Inc.*, 899 F.2d 951, 979 n.43 (10th Cir. 1990).

[2] Plaintiffs' docketing statement for appeal number 06-5055 suggests that they are also challenging the district court's sealed order dated January 24, 2006, denying their motion to vacate the judgment entered March 20, 2003. As in appeal number 06-5053, plaintiffs in appeal number 06-5055 abandoned this issue by failing to brief it on appeal. *Reazin*, 899 F.2d at 979 n.43.

1999 WL 1015557 (10th Cir. Nov. 9, 1999) (unpublished), were procured by fraud on both courts.

In appeal number 06-5121, plaintiff challenges the district court's sealed order dated January 24, 2006, granting defendants' motions to dismiss for failure to state a claim under Rule 12(b)(6).[3] Plaintiff asserts that the court relied on materials outside of his amended complaint and engaged in impermissible fact-finding, thereby erroneously rejecting his argument that the grant of summary judgment in *Hutchinson v. Pfeil*, 92-C-1088-E (N.D. Okla. Aug. 3, 1995), *aff'd*, 105 F.3d 562 (10th Cir. 1997), was procured by fraud on the court. Plaintiff also takes issue with the sealed order insofar as the court found defendants' reasons for their late filings constituted excusable neglect. And, plaintiff contends that the court erred by declining to strike defendants' motions to dismiss and by deeming defendants' motion to set aside the default judgment moot.

In the last appeal before this court, appeal number 06-5122, plaintiffs challenge the district court's sealed order dated January 24, 2006, granting

---

[3] With respect to appeal number 06-5121, we note that the district court entered default judgment against two of the named defendants on January 30, 2003. But in its sealed order dated January 24, 2006, the court considered the proffered reasons for late filings, found them to constitute excusable neglect, and, in effect, set aside the default judgment. As a result, we construe the court's January 24 sealed order as having granted defendants' motion for leave to file an answer or otherwise plead out of time and as having set aside the default judgment.

defendants' motions to dismiss for failure to state a claim under Rule 12(b)(6).[4] Yet again, plaintiffs assert that the court relied on materials outside of plaintiffs' amended complaint and engaged in impermissible fact-finding, thereby erroneously rejecting their claim—as far as we can discern—that the holdings in *Hutchinson v. Day*, EV-80-104-C (S.D. Ind. 1988), *Hutchinson v. Spainerman*, EV-90-44-C & EV-90-43-C (S.D. Ind. Jan. 22, 1997), *Hutchinson v. Spainerman*, EV-90-44-C & EV-90-43-C (S.D. Ind. May 13, 1997), and *Hutchinson v. Spainerman*, 190 F.3d 815 (7th Cir. 1999), were the result of defendants' fraud on the court, the underpinning of plaintiffs' RICO claim in this case. Plaintiffs also take issue with the sealed order insofar as the court deemed moot both their emergency motion for sanctions and their motion to substitute Bonnie J. Hahn, personal representative of the estate of Robert H. Hahn, deceased, for defendant Robert H. Hahn.

We review for abuse of discretion the district court's disposition in an action for fraud on the court. *See Switzer v. Coan*, 261 F.3d 985, 987, 988

4 Plaintiffs' notice of appeal identifies Joan Godlove (who was not a plaintiff in the district court), as a party to appeal number 06-5122. Counsel cannot make herself a party to an appeal by listing herself as a plaintiff-appellant in her clients' notice of appeal. We therefore DISMISS appeal number 06-5122 as to Ms. Godlove for lack of standing. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."); *Coffey v. Whirlpool Corp.*, 591 F.2d 618, 619 (10th Cir. 1979) ("A nonparty does not have standing to appeal in the absence of most extraordinary circumstances.").

(10th Cir. 2001). We likewise review for abuse of discretion both a district court's determination that a late filing was caused by excusable neglect, *see Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995), and its decision to set aside the entry of default judgment, *Stjernholm v. Peterson*, 83 F.3d 347, 349 n.1 (10th Cir. 1996). We review de novo a district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion. *Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003). We will affirm a district court's grant of a Rule 12(b)(6) motion when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted).

Having carefully reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we conclude that there is no reversible error in any of the challenged decisions. Indeed, we hold that each of the four appeals is frivolous; in other words, plaintiffs' arguments of error, in each of the four appeals, are without merit. Accordingly, we AFFIRM the challenged decisions for substantially the same reasons as stated in the district court's orders dated (1) March 3, 2003, Aplt. App. No. 06-5053 at 123; (2) March 3, 2003, Aplt. App. No. 06-5055 at 156; (3) January 24, 2006, Sealed Aplt. App. No. 06-5121; and (4) January 24, 2006, Sealed Aplt. App. No. 06-5122. Plaintiffs' corrected motions to consolidate appeal numbers

06-5053, 06-5055, 06-5121, and 06-5122 are GRANTED for procedural purposes only. All other outstanding motions are denied as MOOT.

Finally, having determined that each of the four appeals are frivolous, we "have the power to impose sanctions such as costs, attorney fees, and double costs." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). We also have "the inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and . . . to deter frivolous filings." *Id.* Here, as a sanction for filing four frivolous appeals, we are inclined to hold plaintiffs and plaintiffs' counsel, Ms. Godlove, jointly and severably liable for double costs consistent with Fed. R. App. P. 38. Although plaintiffs and Ms. Godlove have already had an opportunity to respond to defendants' request for sanctions, they have not been able to address the specific sanction we intend to impose. Accordingly, we are affording plaintiffs and Ms. Godlove the opportunity to show cause why double costs should not be imposed. Their response is limited to five pages. If their response is not received by the clerk within ten days from the date of this order and judgment, double costs will be imposed. Within fourteen days

of the date of this order and judgment, defendants-appellees shall, pursuant to Fed. R. App. P. 39, file an itemized and verified bill with costs and proof service.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge