**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THOMAS R. HUTCHINSON;
DENNIS P. BULLARD; ROBERT J.
BULLARD; BARBARA L.
LAWRENZ; RUTH ANN LIBBY;
KATHRYN M. ROBINSON; JOHN
M. SPANTON; C. CLAY ROBERTS,
III, individually and as a former
member of ROBERTS, MARRS &
CARSON,

      Plaintiffs - Appellants,

and

JOAN GODLOVE,

      Appellant,

v.

BONNIE J. HAHN, Personal
Representative of the Estate of Robert
H. Hahn, Deceased; BAMBERGER,
FOREMAN, OSWALD AND HAHN;
BAMBERGER, FOREMAN,
OSWALD AND HAHN, L.L.P.;
DAVID P. KASPER; LOCKE
REYNOLDS BOYD & WEISELL;
LOCKE REYNOLDS LLP;
MARTHANDA J. BECKWORTH; and
ATKINSON, HASKINS, NELLIS,
HOLEMAN, BRITTINGHAM,
GLADD & CARWILE; WALTER D.
HASKINS, III; ATKINSON,
HASKINS, HELLIS, HOLEMAN,
BRITTINGHAM, GLADD &
CARWILE, P.C.; KENNEDY

No. 09-5144
(D.C. No. 4:05-CV-00453-TCK-PJC)
(N.D. Okla.)

GALLERIES, INC., CINCINNATI
MUSEUM ASSOCIATION; BUTLER
INSTITUTE OF AMERICAN ART;
EARLE J. MAIMAN and
THOMPSON HINE & FLORY, L.L.P,

Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **GORSUCH**, Circuit Judges, and **MELGREN**[**], District
Judge.[***]

---

Plaintiffs-Appellants Thomas R. Hutchinson and his counsel, Joan Godlove,

appeal from the district court's monetary judgment running jointly and severally

against them awarding $73,208.57 and $33,808.57 to various lawyer or law firm

defendants as sanctions resulting from the underlying lawsuit. IV Aplt. App. 849-

852. On appeal, they contend that (1) the district court's sanction order should be

set aside, (2) the district judge should recuse, and (3) the action should be

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] The Honorable Eric R. Melgren, U.S. District Court Judge, District of
Kansas, sitting by designation.

[***] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

transferred of another district within this circuit with directions to conduct an evidentiary hearing on Plaintiffs' motion for default judgment as a sanction. II Aplt. App. 252-254; Aplt. Br. at 25-26. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Background

The parties are familiar with the facts and the extensive procedural history and we need not restate that material here. Suffice it to say, the underlying lawsuit is part of a relentless and wholly unsuccessful effort to establish ownership of certain paintings of American Impressionist artist Theodore Robinson. See generally Hutchinson v. Pfeil, 223 F. App'x 765 (10th Cir. 2007) (unpublished) (affirming district court's dismissal of the complaint and imposing sanctions for frivolous appeal); see also Hutchinson v. Pfeil, 211 F.3d 1278 (10th Cir. 2000) (Table) (affirming district court's grant of summary judgment against plaintiffs because the claim was barred by laches and limitations); Hutchinson v. Pfeil, 105 F.3d 562 (10th Cir. 1997) (affirming district court's grant of summary judgment against plaintiffs because the claim was barred by laches); Hutchinson v. Spanierman, 190 F.3d 815 (7th Cir. 1999) (same).

The effort began some thirty years ago and has continued largely unabated, most recently with Ms. Godlove and her clients filing lawsuits against past-defendants and new ones including lawyers and law firms that have prevailed

- 3 -

against them.  See, e.g., Hutchinson v. Carter, 33 P.3d 958 (Okla. Ct. Civ. App. 2001); see also Hutchinson v. Hahn, No. 05-CV-453-TCK(PJC), 2008 WL 1995406 at *3-*4 (N.D. Okla. May 6, 2008) (listing cases).[1]  Like this lawsuit, claims raised include civil RICO, attorney deceit and fraud on the court.  At the hearing on the motions for sanctions, the district court reviewed the proceedings in state and federal courts around the country and stated "[i]t has to be stopped and it will be stopped."  IV Aplt. App. 1058.  We agree.

The district court granted various motions for sanctions filed by Defendants, I Aplt. App. 138-142, 201-204, and (1) dismissed the Plaintiffs' amended complaint with prejudice as both vexatious and frivolous, (2) permanently enjoined Ms. Godlove from filing any civil lawsuit in the Northern District of Oklahoma containing the same or similar claims asserted in this lawsuit or its predecessors, (3) required Ms. Godlove to disclose these sanctions in any like civil lawsuit filed elsewhere, (4) declared Plaintiff Hutchinson and Ms. Godlove jointly and severally liable for attorney's fees and costs in defending against the lawsuit, including pursuing sanctions, and (5) referred the matter to the district court's admissions and grievances committee to determine whether Ms. Godlove should be barred from practicing in the Northern District. Hutchinson v. Hahn, No. 05-CV-453-TCK(PJC), 2007 WL 2572224, at *11 (Sept.

---

[1]  Plaintiff Hutchinson and Ms. Godlove prevailed in one appeal concerning procedural objections to sanctions imposed by the district court.  Hutchinson v. Pfeil, 208 F.3d 1180 (10th Cir. 2000).

4, 2007). The district court then adopted, over objection, the magistrate judge's report and recommendation as to the amount of the fees reflected in the judgment. Hutchinson v. Hahn, No. 05-CV-453-TCK(PJC), 2008 WL 1995406 (N.D. Okla. May 6, 2008). It also denied reconsideration. IV R. 996-997.

We review a sanction award of attorney's fees and costs under an abuse of discretion standard. Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991) (inherent power); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (Rule 11); Resolution Trust Corp. v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995) (28 U.S.C. § 1927). We have recognized that § 1927 is designed to compensate the victims of abusive litigation practice, as opposed to Rule 11 which focuses on deterrence and punishment. Hamilton v. Boise Cascade Express, 519 F.3d 1197, 1205 (10th Cir. 2008). Accordingly, certain procedural protections required in Rule 11 do not apply to sanctions under § 1927, which deals with multiplying proceedings apart from filing the complaint. Steinert v. Winn Group, Inc., 440 F.3d 1214, 1224-25 (10th Cir. 2006).

A.    Absolute Immunity.

Plaintiff and Ms. Godlove first argue that absolute immunity for litigation statements pertains to defamation and does not extend to allegations of fraud. Ball Corp. v. Xidex Corp., 967 F.2d 1440, 1444 (10th Cir. 1992); Robinson v. Volkswagenwerk AG, 940 F.2d 1369, 1373-74 (10th Cir. 1991). They contend that the district court uncritically adopted the statements of Defendants' counsel

in awarding sanctions when sanctions should have been awarded against the Defendants for fraud on the court. Aplt. Br. at 17. We disagree—the basis for the court's sanctions ruling is that Plaintiff and Ms. Godlove persisted in filing (and then pursuing) claims that have been repeatedly rejected by courts and that are foreclosed by clear precedent. See Hutchinson, 2007 WL 2572224, at *7. We have previously rejected Plaintiffs' arguments that reliance upon adverse decisions by other courts is somehow improper. Hutchinson v. Pfeil, 223 F. App'x at 767-68. We characterized appeal of that issue as frivolous. Id. Although Plaintiff and Ms. Godlove seem unwilling to make the distinction, a lawyer may zealously represent his or her client by advocating defenses that will doom a plaintiff's case without committing fraud on the court.

B.     Factual Basis for Slander.

Plaintiff and Ms. Godlove next argue that the district court's finding that the Plaintiffs' pleadings contain slanderous allegations lacks support. They contend that the district court should have held a full evidentiary hearing. While the district court did refer to this case as "an attorney-slandering-suing monster," IV Aplt. App. 1058, and remarked that various attorneys and federal judges had been slandered during this litigation, IV Aplt. App. 1061, slander is not the basis of the sanctions. It is the dogged refusal of Ms. Godlove and her clients to accept, let alone follow, the rulings of the courts, thereby initiating groundless suits and multiplying proceedings, given materially indistinguishable facts.

- 6 -

Ms. Godlove reminds us that findings of fact in one case are usually not admissible to establish the truth in another. Aplt. Reply Br. at 16-17; Fed. R. Evid. 201(b) (judicially noticed facts must not be subject to reasonable dispute); United States v. Boyd, 289 F.3d 1254, 1258 (10th Cir. 2002). But a court may take judicial notice of its own records as well of those of other courts, particularly in closely-related cases. St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979). Although Ms. Godlove blames rulings against her on the attorneys who opposed her and "misled" the court, IV R. 1057, such a theory is untenable. Were that the law, the adversary system could not function.

C.    Evidentiary Hearing.

Plaintiff and Ms. Godlove argue that the district court should have conducted an evidentiary hearing on the motion for sanctions culminating in its order. The district court held a hearing and gave Ms. Godlove ample time to address the court, and denied the Plaintiffs' motion for sanctions. IV Aplt. App. 1000-1069; see id. 1063-64; Hutchinson, 2007 WL 2572224 at *11. Thereafter, Plaintiffs filed a motion to reopen arguing that additional evidence was necessary to support Defendants' motions for sanctions and that the district court should have heard arguments and received evidence on the Plaintiffs' motion for sanctions. III Aplt. App. 665-66. The motion was referred to and denied by the magistrate judge. Id. at 726. The magistrate judge then conducted an evidentiary

hearing on the amount of sanctions and carefully weighed the factors in <u>White v. Gen'l Motors Corp.</u>, 908 F.2d 675, 683-85 (10th Cir. 1990), concerning Rule 11 sanctions. <u>Hutchinson v. Hahn</u>, 2008 WL 1995406 at \*8-\*11. He reported that Ms. Godlove did not contest the reasonableness of the fees or her ability to pay or that of Plaintiff Hutchinson, but rather contended that fees were improper because they were incurred in attempting to defraud the court. <u>Id.</u> at \*8.

Plaintiff and Ms. Godlove rely upon <u>Fullmer v. Harper</u>, 517 F.2d 20 (10th Cir. 1975) (per curiam), which allowed an interlocutory appeal of the denial of a motion to disqualify counsel. The Tenth Circuit remanded for an evidentiary hearing given the lack of an adequate record. <u>Id.</u> at 21. Plaintiff and Ms. Godlove also suggest that it was the Defendants' burden to put on evidence to prove that the complaint was frivolous. Aplt. Br. at 12. This case easily could be decided on the papers given the years of litigation which produced a paper trail. <u>See</u> <u>Clinton v. Jones</u>, 520 U.S. 681, 708 (1997) (frivolous and vexatious litigation is often terminated by a motion to dismiss or summary judgment with sanctions as a deterrent); <u>see also</u> <u>Williams v. Madden</u>, 9 Fed. App'x 996, 997 (10th Cir. 2001) (unpublished) (affirming the district court's dismissal of a complaint as frivolous because it was "virtually identical" to three previously dismissed complaints); <u>Fitzgerald v. First East Seventh Str. Tenants Corp.</u>, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam) (affirming the district court's *sua sponte* dismissal of a complaint as frivolous because it merely reasserted claims that had previously

been dismissed as frivolous); Holloway v. Hornsby, 23 F.3d 944, 945 (5th Cir. 1994) (affirming the district court's dismissal of a complaint as frivolous based on the litigant's history of filing frivolous complaints); Moody v. Baker, 857 F.2d 256, 257 (5th Cir. 1988) (per curiam) (same). Plaintiff and Ms. Godlove had notice and an opportunity to respond, and did respond, to the sanctions motions. I Aplt. App. 229, II Aplt. App. 437. Most telling, however, is that Plaintiff and Ms. Godlove simply did not make any type of proffer at the hearing, nor have they indicated how any such evidence would make a material difference. We find no abuse of discretion by either the district court or the magistrate judge as to the procedure employed in handling all of the sanctions motions which obviously overlapped.

D.    Disqualification.

Plaintiff and Ms. Godlove argue that the district court should have granted their motion to recuse because of reliance on extra-judicial facts and statements suggesting a deep-seated antagonism toward them. Specifically, they suggest that the judge's comments about slander, his conclusion that the complaint was vexatious and frivolous, and his sanction of dismissing the amended complaint (without notice) at the hearing indicate recusal was essential.

A judge is required to recuse when "his impartiality might reasonably be questioned," or "he has a personal bias or prejudice concerning a party." See 28 U.S.C. §§ 455(a), (b)(1). Adverse rulings almost never provide a basis for

recusal, nor do opinions formed or expressed by a judge based upon the record, "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." See Liteky v. United States, 510 U.S. 540, 555 (1994).

The district court's comments were based upon the case, not some extra-judicial source and regardless the remarks about slander are a fair comment on the pleadings. Ms. Godlove has no hesitation about hitting hard and claiming that opposing counsel are "intimately involved in a deliberately planned and carefully executed scheme to deceive every judge assigned to preside over and decide cases involving paintings by Theodore Robinson," Aplt. App. at 275, see also id. at 263-273 (facts (accusations) set in statement of facts); it would be remarkable if she expected no push back. The district court could certainly, based upon the pleadings and documentary evidence, conclude that the amended complaint was vexatious and frivolous. As for the claim that the district court imposed the sanction of dismissing the amended complaint without notice which evidences bias, the motions for sanctions asked for filing restrictions based upon the filing of a frivolous complaint. I R. 138, 141, 201, 204. The whole tenor of these motions is that the complaint in this case is frivolous because it contains claims previously rejected and other claims which have no basis in fact or law. We cannot attribute bias to the district court's decision to dismiss the amended complaint.

E.     Motion to Alter or Amend the Judgment.

- 10 -

We review the district court's decision on a motion to alter or amend a judgment for an abuse of discretion. Price v. Wolford, 608 F.3d 698, 706 (10th Cir. 2010) (citation omitted). Plaintiff and Ms. Godlove argue that the district court failed to give adequate notice that filing of the complaint, let alone the amended complaint, was sanctionable conduct. See Fed. R. Civ. P. 11(c)(3); Hutchinson v. Pfeil, 208 F.3d at 1184. To the extent that Plaintiff and Ms. Godlove are arguing that the filing of the amended complaint somehow mooted the motions for sanctions, Aplt. Br. at 24, we reject that argument as form over substance. We have repeatedly held that a district court has the discretion to enter narrow, carefully tailored filing restrictions to prevent repetitive and abusive filings, all after notice and an opportunity to respond. See Sieverding v. Colo. Bar Ass'n, 469 F.3d 1340, 1343 (10th Cir. 2006); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000); Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315-16 (10th Cir.1994) (per curiam); Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989). The sanctions and restrictions were amply justified—the fact that Ms. Godlove cannot or will not accept prior rulings does not mitigate her conduct which has no doubt consumed countless hours of scarce judicial and party resources. We find no abuse of discretion here.

AFFIRMED.

We cannot emphasize strongly enough to Ms. Godlove and the Plaintiff that this litigation is at an end. The Defendants have requested filing restrictions and

sanctions be imposed on Ms. Godlove and Plaintiff Hutchinson based upon a frivolous appeal. Aplt. Br. 46-48. We agree that this appeal is frivolous and will hold Ms. Godlove and Plaintiff Hutchinson jointly and severally liable for double appellate costs. Fed. R. App. P. 38. The Defendants should file a bill of costs within 14 days after entry of this order and judgment. Fed. R. App. P. 39.

In addition, we will impose filing restrictions. Ms. Godlove and Plaintiff Hutchinson are restricted from filing any further appeal or original proceeding with this court related to the subject matter of this appeal, or the underlying lawsuit or its predecessors, without providing the court:

1. A list of all appeals or original proceedings filed, whether currently pending or previously filed with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each appeal or original proceeding; and

2. An affidavit (signed by Ms. Godlove and Plaintiff Hutchinson) that recites the issues to be presented, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged. The affidavit must also certify, to the best of the their knowledge, that:

- the claims raised are not the same or similar to claims already raised or adjudicated in prior proceedings;

- the legal arguments raised are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension,

modification, or reversal of existing law; and

•      the appeal or original proceeding is not interposed for any improper purpose, such as delay or to needlessly increase the cost of litigation.

These filings shall be submitted to the Clerk of the court, who shall forward them for review to the Chief Judge or her designee, to determine whether to permit either to proceed with the appeal or original proceeding. Without such authorization, the matter will be dismissed. If the Chief Judge or her designee authorizes an appeal or original proceeding to proceed, an order shall be entered so stating.

We shall provide Ms. Godlove or Mr. Hutchinson ten days from the date of this order and judgment to file written objections to the imposition of double costs or appellate filing restrictions. Objections shall be limited to ten pages. If timely objections are not filed, the filing restrictions shall take effect twenty days from the entry of this order and judgment. If timely objections are filed, these restrictions shall only take effect if this court overrules any objections. The court may modify these restrictions. The filing restrictions shall apply to any matter filed after that time.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge