**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS R. HUTCHINSON,
individually and as former member of
Roberts, Marrs & Carson,

      Plaintiff-Appellee/
      Cross-Appellant,

and

C. CLAY ROBERTS, III, individually
and as former member of Roberts,
Marrs & Carson; DENNIS P.
BULLARD; ROBERT J. BULLARD;
BARBARA L. LAWRENZ; RUTH
ANN LIBBY; KATHRYN M.
ROBINSON; JOHN M. SPANTON,

      Plaintiffs,

v.

MARTHANDA J. BECKWORTH;
ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD &
CARWILE,

      Defendants-Appellants/
      Cross-Appellees,

and

BONNIE J. HAHN, Personal
Representative of the Estate of Robert
H. Hahn, deceased; BAMBERGER,
FOREMAN, OSWALD AND HAHN;
BAMBERGER, FOREMAN,
OSWALD AND HAHN, L.L.P.;

Nos. 11-5089 & 11-5090
(D.C. No. 4:05-CV-00453-TCK-PJC)
(N.D. Okla.)

LOCKE REYNOLDS BOYD &
WEISELL; WALTER DEWEY
HASKINS; ATKINSON, HASKINS,
NELLIS, HOLEMAN,
BRITTINGHAM, GLADD &
CARWILE, P.C.; KENNEDY
GALLERIES, INC.; CINCINNATI
MUSEUM ASSOCIATION; BUTLER
INSTITUTE OF AMERICAN ART;
EARLE J MAIMAN; THOMPSON
HINE & FLORY LLP,

      Defendants.

------------------------------

JOAN GODLOVE,

      Attorney-Appellee/
      Cross-Appellant.

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In Appeal No. 11-5089, defendants-appellants/cross-appellees Marthanda J. Beckworth and Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C. ("Beckworth and Atkinson, Haskins") appeal from the district court's order denying their supplemental motion for attorney's fees. We reverse and remand to the district court for further proceedings. In Appeal No. 11-5090, plaintiff Thomas R. Hutchinson and his counsel Joan Godlove ("Hutchinson and Godlove") appeal from the district court's award of appellate attorney's fees. We affirm.

## BACKGROUND

As we explained in our most recent previous decision in this case, "the underlying lawsuit is part of a relentless and wholly unsuccessful effort to establish ownership of certain paintings of American Impressionist artist Theodore Robinson." *Hutchinson v. Hahn*, 402 F. App'x 391, 393 (10th Cir. 2010). "The effort began some thirty years ago and has continued largely unabated, most recently with Ms. Godlove and her clients filing lawsuits against past-defendants and new ones including lawyers and law firms that have prevailed against them." *Id.* The most recent previous appeal, which produced the order awarding appellate fees, concerned Hutchinson and Godlove's unsuccessful attempt to overturn the district court's order sanctioning them for their conduct in the underlying suit.

-3-

After we remanded the case, the district court ordered defendants to "file their time records and any affidavits in support of their [appellate] fee application by **February 2, 2011**.  Plaintiffs shall submit any objections to specific time entries/charges by **February 14, 2011**."  Aplee. Supp. App. at 35.

Defendants complied with the district court order by submitting their time records and affidavits.  For their part, on February 14, 2011, Hutchinson and Godlove filed their "Preliminary Objection to Requested Award of Appellate Fees and Costs."  *Id.* at 78-79.  This document contained no objections to specific time entries or charges in the materials submitted by defendants.  Rather, Hutchinson and Godlove gave "notice of their intent to cross-examine persons called as witnesses to support [plaintiffs'] request [for appellate fees] and present the testimony of other persons with personal knowledge of relevant facts."  *Id.* at 78.  They announced that

> [o]nce the parties have presented their conflicting evidence on the requested award during an evidentiary hearing, those who are targets of that award will be in a position to set forth their written objections with specificity.  Upon completion of the hearing transcript, they will also be able to support those objections with citations to evidence in the record[.]

*Id.* at 79.

Meanwhile, Beckworth and Atkinson, Haskins filed their supplemental motion for fees.[1] They asserted that "[s]ince the time of the order assessing [district court] sanctions, the Defendants have incurred additional expenses in the defense of this litigation at the trial court level." Aplt. App. at 164. Beckworth and Atkinson, Haskins noted they had been "forced to respond to motions to alter or amend the judgment, objections to the magistrate's orders, and objections to the asset hearing as well as other frivolous and meritless filings of the Plaintiffs and Ms. Godlove." *Id.* They requested additional attorney's fees of $11,556.50 and additional costs of $260.00 for this work in the district court.

The magistrate judge assigned to the case filed a report and recommendation. He first recommended that the supplemental motion be denied because it was "untimely and this Court lacks jurisdiction to hear [it]" owing to the filing of Hutchinson and Godlove's notice of appeal in No. 09-5144 on October 16, 2009. Aplee. Supp. App. at 82. The magistrate judge concluded that "[t]he decision of the Tenth Circuit on Nov. 24, 2010, brought this litigation to an end" and that only the question of appellate attorney's fees had been remanded to the court and was currently before it for resolution. *Id.* at 82-83.

---

[1] In addition to Beckworth and Atkinson, Haskins' supplemental motion, defendants David T. Kasper and Lock Reynolds filed a separate motion seeking supplemental attorney's fees and costs. The district court denied the Kasper/Reynolds motion for the same reasons it denied the motion at issue in this case. Kasper/Reynolds have not appealed from the judgment denying their supplemental motion.

-5-

Turning to the appellate fee question, the magistrate judge rejected Hutchinson and Godlove's attempt to postpone their objections to the fee request until after an evidentiary hearing had been held. It opined that "[n]o hearing is required" when the court determines a fee award pursuant to Fed. R. App. P. 38. Aplee. Supp. App. at 84. Given the lack of specific objections from Hutchinson and Godlove, the district court decided to determine the appropriate fee amount based on the record submitted by the defendants. After striking 0.2 hours' worth of time from the fee requests, it recommended that defendants be awarded a total amount of $32,507.50 against Hutchinson and Godlove, jointly and severally. After considering objections filed by both the defendants and Hutchinson and Godlove, the district court adopted the magistrate judge's recommendation and entered judgment accordingly.[2]

## ANALYSIS

### Appeal No. 11-5089

In denying Beckworth and Atkinson, Haskins' supplemental motion for fees and costs, the district court determined that it lacked jurisdiction to entertain the

---

[2]     Defendants' counsel had requested that the amount sought be divided equally between Kasper/Reynolds and Beckworth and Atchinson, Haskins, as the total attorney fee and expenses had been equally divided for billing purposes between these defendants. *See* Aplee. Supp. App. at 42. The district court did not divide the sum requested in its judgment in this fashion but gave a combined judgment in favor of all defendants seeking fees for the full amount. Aplt. App. at 211-12.

motion because a notice of appeal had been filed, divesting it of jurisdiction over this case. At the time the magistrate judge made this statement, on February 18, 2011, this court had already issued its order in the previous appeal remanding for calculation of appellate attorney's fees. Order, *Hutchinson v. Hahn*, No. 09-5144 (10th Cir. Jan. 11, 2011) (reprinted at Aplt. App. at 136-37). A mandate (dated December 20, 2010) and supplemental mandate (dated January 11, 2011) had issued from this court, divesting us of appellate jurisdiction and returning jurisdiction to the district court. *See Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). Thus, even if the district court had lost jurisdiction by virtue of the filing of Hutchinson and Godlove's notice of appeal, it would have reacquired jurisdiction over the case upon issuance of our mandate, *before* it ruled on the supplemental motion. *See id.*

But in reality, the district court never lost jurisdiction in the first place over the issue of fees and costs as a sanction for continued vexatious conduct in the district court. A notice of appeal divests the district court of jurisdiction over matters *involved in the appeal*, but it retains jurisdiction to consider collateral matters such as sanctions. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998). Thus, the district court retained jurisdiction to entertain Beckworth and Atkinson, Haskins' motion even while the appeal was pending.

Nor did our mandate purport to address or limit the district court's discretion to rule on the motion. *See Procter & Gamble Co. v. Haugen*, 317 F.3d

-7-

1121, 1126 (10th Cir. 2003) ("Although a district court is bound to follow the mandate, and the mandate controls all matters within its scope, . . . a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal." (quotation marks omitted)). While we did state in our previous decision that "[w]e cannot emphasize strongly enough *to Ms. Godlove and the Plaintiff* that this litigation is at an end," *Hutchinson*, 402 F. App'x at 397 (emphasis added), this statement should in no way be understood as an attempt to impose a limitation on the district court's ability to order any further relief necessary to protect the defendants from abusive litigation tactics.

Given the district court's misconception concerning its jurisdiction to award the fees and costs sought by Beckworth and Atkinson, Haskins, we reverse the judgment denying the supplemental motion for fees and costs and remand for further proceedings.[3]

---

[3] The magistrate judge also opined that the supplemental motion was "untimely." Aplt. App. at 183. He provided no separate analysis of the alleged untimeliness. It is unclear to what extent the magistrate judge's untimeliness finding was intertwined with his erroneous conclusion that he could no longer award fees for district court work because Hutchinson and Godlove had filed a notice of appeal. Beckworth and Atkinson, Haskins have presented considerable argument purporting to show that their supplemental request should not have been denied as untimely. *See* Aplt. Opening Br. at 17-20. On remand, the district court is free to reconsider the timeliness issue as necessary.

**No. 11-5090**[4]

We review the district court's award of attorney's fees for an abuse of discretion, considering its findings of fact under a clear error standard and its legal conclusions de novo. *Browder v. City of Moab*, 427 F.3d 717, 719 (10th Cir. 2005). As noted, Hutchinson and Godlove made no specific objection to the hours or amounts sought in Beckworth and Atkinson, Haskins' itemized submission concerning appellate attorney's fees and costs. Nevertheless, they object to the district court's award.

First, Hutchinson and Godlove argue that they were entitled under due process principles to an evidentiary hearing at which they could cross-examine Beckworth and Atkinson, Haskins' witnesses concerning the appropriate amount

---

[4] Beckworth and Atkinson, Haskins previously sought dismissal of this appeal, arguing that Hutchinson and Godlove had failed to comply with the filing restrictions we imposed in the prior appeal. *See Hutchinson*, 402 F. App'x at 397. We ordered that this appeal would proceed, but we cautioned Hutchinson and Godlove to "restrict their argument to the amount of the attorneys' fee award." Order, *Hutchinson v. Hahn*, No. 11-5090, at 2 (10th Cir. Aug. 1, 2011). Beckworth and Atkinson, Haskins now argue that Hutchinson and Godloves' appeal should be dismissed because their argument for an evidentiary hearing exceeds this restriction and represents an attempt to reassert their unsuccessful evidentiary hearing argument from the previous appeal. *See Hutchinson*, 402 F. App'x at 395.

We deny this renewed request for dismissal. Hutchinson and Godloves' "evidentiary hearing" argument, while lacking in merit, at least tangentially concerns the "amount of the attorney fee award." Moreover, it differs from Hutchinson and Godlove's previous argument concerning the need for an evidentiary hearing in connection with *district court* sanctions.

of fees and costs. They cite no authority holding that due process requires an evidentiary hearing whenever the appropriate amount of fees and costs to be awarded to a litigant is at issue. Nor have our prior cases recognized such a requirement. Rather, the decision to rely upon affidavits and the record of a case rather than to conduct an evidentiary hearing lies within the district court's discretion. *Cramer v. United States*, 47 F.3d 379, 382 (10th Cir. 1995) (addressing application for litigation costs against the government).

"[A]n evidentiary hearing is generally preferred, if not required, *when factual disputes exist* in connection with a request for attorney fees and costs and those disputes cannot be resolved without a hearing." *Id.* at 383 (emphasis added). Here there was no indication that *any* factual disputes existed that required a hearing for resolution. *Cf. Hutchinson*, 402 F. App'x at 395 (rejecting Hutchinson and Godlove's request for additional evidentiary hearing concerning sanctions issues where they "simply did not make any type of proffer at the hearing, nor have they indicated how any such evidence would make a material difference."). Thus the district court did not abuse its discretion in determining the amount of fees without an evidentiary hearing.

Hutchinson and Godlove also argue that the district court's award is not supported by any competent evidence in the record. They contend that the district court erred in basing its award entirely upon the figures contained in Beckworth and Atkinson, Haskins' "hearsay" affidavits. Hutchinson and Godlove cite no

authority from this circuit rejecting the use of affidavits to prove the amount of fees based on hearsay grounds. As we have noted, the district court's determination that affidavits are an appropriate means of determining the amount of fees in a given case is reviewed for an abuse of discretion, and we discern no abuse of discretion here.

## CONCLUSION

In Appeal No. 11-5089, we REVERSE the district court's order denying defendants Beckworth and Atkinson, Haskins' supplemental motion for attorney's fees and REMAND for further proceedings. In Appeal No. 11-5090, we AFFIRM the district court's order awarding appellate attorney's fees.

Entered for the Court

Bobby R. Baldock
Circuit Judge